George AARON *v*. William F. EVERETT, Director of Labor, and COUNTRY PRIDE

E 82-120                                    644 S.W.2d 301

Court of Appeals of Arkansas
Opinion delivered December 1, 1982
[Rehearing denied January 12, 1983.]

*James B. Bennett,* for appellant.

*Bruce H. Bokony,* for appellees.

TOM GLAZE, Judge. In this Employment Security Division case, the Board of Review denied appellant benefits because he reported for work under the influence of intoxicants. Appellant contends (1) the decision is not supported by substantial evidence, and (2) the actions attributed to appellant were not "misconduct" as that term is defined by case law.

Arkansas law clearly provides that an individual shall be disqualified for benefits if he or she is discharged for misconduct in connection with the work on account of reporting for work while under the influence of intoxicants. Ark. Stat. Ann. § 81-1106 (b) (2) (Repl. 1976). Therefore, we find no merit in appellant's second contention, assuming there is substantial evidence to support the Board's finding he appeared for work under the influence. We believe there is substantial evidence, and therefore we affirm.

On the evening of December 14, 1981, appellant went to a party, and he apparently drank too much liquor. He returned home at 1:00 A.M., went to bed and arose to go to work at 7:00 A.M. After he worked for five minutes, his foreman told appellant to go home and return the next day. He did. The next day, December 16, appellant was informed he was being dismissed because he was intoxicated when he reported for work on December 15. Although appellant denied the charge, he admitted that he could have had an

odor of alcohol about him. When asked whether he might still have been under the influence of alcohol, he answered, "Well, I had did it." Based on appellant's own testimony, we believe the Board had sufficient evidence to disqualify appellant under § 81-1106 (b) (2), *supra*.

In its findings, the Board made reference to an employer's sworn letter that it had received after the Appeal Tribunal hearing but before the Board's decision. The letter stated that appellant had had three previous warnings and a suspension for intoxication on the job. We recently held in *Smith* v. *Everett*, 6 Ark. App. 337, 642 S.W.2d 320 (1982), that the Board does not have the jurisdiction to accept additional evidence in an appeal pending before it. We noted in *Smith* that the claimant must be afforded the opportunity to cross-examine his employer or other adverse witnesses whose names may have surfaced as the result of an employer's belated affidavit.

Here, little would be gained by remanding this cause for further proceedings because the reason given for appellant's discharge was substantiated by appellant's testimony alone. This being so, appellant was not prejudiced by the inadmissible evidence later provided the Board which tended to show additional alcohol incidents involving the appellant.

In conclusion, we note that appellant cited a nonpublished opinion as legal authority. This practice is prohibited by Rule 21 of the Rules of the Supreme Court and the Court of Appeals. *See also Rainbolt* v. *Everett*, 3 Ark. App. 48, 621 S.W.2d 877 (1981). An opinion which qualifies as one not designated for publication is written primarily for the parties and their attorneys. These interested parties already are knowledgeable of the facts of their case. For that reason, such nonpublished opinions often do not contain a litany or rehash of those matters which underly the legal issue(s) decided by this Court. Once again, we state that nonpublished opinions will not be considered as authority and should not be cited to this Court.

Affirmed.