Walter R. YOCKEY *v.* Nancy Z. YOCKEY

CA 88-18                                          750 S.W.2d 420

Court of Appeals of Arkansas
En Banc
Opinion delivered June 1, 1988

*Mobley and Smith*, by: *William F. Smith*, for appellant.
*Joe Cambiano*, for appellee.

PER CURIAM. The appellant's brief, filed on February 19, 1988, contains the following statement:

> In *Southard* v. *Southard* CA-85-300 (opinioned [sic] delivered October 14, 1987, not designated for publication) this court decided this exact issue.

The brief then proceeds to discuss *Southard* v. *Southard* and attempts to distinguish it from *Layman* v. *Layman*, 292 Ark. 539, 731 S.W.2d 771 (1987), and *Southard* is the only case decision relied upon to support the point being discussed. The appellee's brief requests that we "disallow" the appellant's argument on this point because it is made in violation of Rule 21(4) of the Rules of the Supreme Court and Court of Appeals, which reads in pertinent part as follows:

> Opinions of the Court of Appeals not designated for publication shall not be published in the official reports and shall not be cited, quoted, or referred to by any court or in any argument, brief, or other materials presented to any court (except in continuing or related litigation upon an issue such as res judicata, collateral estoppel, or law of the case).

Despite the fact that the appellee's brief quotes from the above rule and clearly objects to the appellant's citation of an unpublished opinion of this court, the appellant's reply brief again cites the *Southard* opinion and states that the facts in the case at bar are "clearly in point with the *Southard* case."

Such manifest disregard of Rule 21 simply cannot be overlooked by this court. We therefore direct the clerk of the court to physically discard the appellant's abstract and brief and

the appellant's reply brief, and we grant appellant 20 days from the date of this per curiam in which to file the usual number of new briefs which do not cite or refer to the *Southard* v. *Southard* opinion.

After new briefs are filed by the appellant, the appellee shall have 30 days in which to file a supplemental brief and, on motion submitted, cost of printing and attorney's fee for preparing the appellee's supplemental brief, to be assessed against appellant, will be considered.