David James CLARK *v.* Barbara Jo TABOR

CA 91-458 830 S.W.2d 873

Court of Appeals of Arkansas
Division II
Opinion delivered May 13, 1992

*Davis & Associates*, by: *Charles E. Davis*, for appellant.

*Charles E. Hanks*, for appellee.

MELVIN MAYFIELD, Judge. David Clark appeals the amount of child support awarded in a paternity action brought by the appellee. He contends the chancellor abused his discretion in setting the amount of support without considering the support appellant provides for his own dependent children. Because we find the chancellor erred in holding that he could not consider appellant's other dependents in setting child support, we reverse and remand.

Appellant is married to Betsy Clark, and they are the parents of two minor children, who reside with them. In March 1990, appellee, Barbara Tabor, filed a complaint in the Washington County Chancery Court, alleging that the appellant is the biological father of her son, Alex, born out of wedlock on December 15, 1989. In her complaint, appellee sought child support for her son from appellant. Initially, appellant denied

paternity of Alex, but in his amended answer, he admitted he was Alex's biological father and sought custody of him.

A stipulated settlement was read into the record by the parties on February 8, 1991. Among other things contained in the agreement, the parties agreed that appellant would pay $80.00 per week for the care, maintenance, and support of Alex. Although the record contains no explanation of why a hearing would be necessary after the settlement had been made, a hearing was held on May 23, 1991, for the determination of the questions of paternity, custody, visitation, and child support. At the conclusion of this hearing, the chancellor held that appellant was the father of Alex and awarded appellee child support of $77.00 per week. In setting this amount, the chancellor stated:

> This amount is based on the weekly family support chart considering the weekly take home pay amount as set forth on the Affidavit of Financial Means which has been filed herein and set forth as Plaintiff's Exhibit 1, as that amount is applied to the weekly family support chart effective July 1, 1987, and upon consideration of the fact that mother is employed at this time, the Court is taking the chart amount herein based on weekly take home pay of $470 per week and using the amount shown in the dependents' column of one.
>
> . . . .
>
> [The $77.00 per week amount] is based upon the amount shown in the Affidavit of Financial Means. I'm basing it on the weekly take home pay of four hundred seventy-eight per month, and that would then in the weekly family support chart which was made effective July 1, 1987, in the weekly take home column of $470, the amount for one dependent is $77. I note the previous argument made to the Court concerning setting that without consideration of other dependents herein, and I find that I have to consider this just as a one child. That's the way I'm treating it, as one dependent, and it's set strictly in accordance with the amount set forth on the chart.

Appellant argues the chancellor erred in not taking into consideration his two children who live with him and the legal

obligation he has to provide support for those children.

In its per curiam adopting the Family Support Chart, the Supreme Court stated that weekly take-home pay, as it relates to the Family Support Chart, refers to the definition of income in the federal income tax laws, less proper deductions for federal and state income tax; social security (FICA) or railroad retirement equivalent; medical insurance; and presently paid support for other dependents by Court order. *In Re: Guidelines for Child Support Enforcement*, 301 Ark. 627, 629-30, 784 S.W.2d 589, 591 (1990).

Here, the chancellor set support by taking appellant's weekly take-home pay and referring to the proper table in the Family Support Chart. He stated that this calculation was made without considering appellant's other children and his obligation to support them. The appellee argues our holding in *Waldon* v. *Waldon*, 34 Ark. App. 118, 806 S.W.2d 387 (1991), prohibited the chancellor from considering appellant's other dependent children.

In *Waldon*, the chancellor set the appellee's child support obligation for one child by applying appellee's income to the column on the chart based on three dependents. The chancellor justified this application by noting that appellee had two other children by his current marriage. The appellant contended that it was error for the chancellor to have used the column for three dependents in setting support. We agreed, stating:

> We agree with appellant that the chancellor should not have applied the chart based on three dependents. Although this may be a proper consideration bearing perhaps on a payor spouse's ability to pay, the chart should be applied to the child that is before the court. The result of applying the chart as the chancellor did here is that the amount of support for the one child was diluted, as the chart is structured so that the amount of support per child decreases in proportion to the number of added dependents.

> While there is a rebuttable presumption that the amount of support according to the chart is correct, the chancellor in his discretion is not entirely precluded from

adjusting the amount as deemed warranted under the facts of a particular case. As explained by the supreme court, the presumption may be overcome if the chancellor determines, upon consideration of all the relevant factors, that the chart amount is unjust or inappropriate. *See Scroggins v. Scroggins*, 302 Ark. 362, 790 S.W.2d 157 (1990). The relevant factors include food, shelter and utilities, clothing, medical and education expenses, accustomed standard of living, insurance and transportation expenses. *Id. See also In re: Guidelines for Child Support Enforcement, supra.* However, when deviating from the chart, the chancellor must explain his or her reasoning by the entry of a written finding or by making a specific finding on the record. *See Scroggins v. Scroggins, supra*; Ark. Code Ann. § 9-12-312(2) (Repl. 1991).

*Waldon*, 34 Ark. App. at 123, 806 S.W.2d at 390.

██ Our holding in *Waldon* v. *Waldon*, however, does not prohibit a chancellor from considering other matters in addition to the child support chart that have a strong bearing in determining the amount of support. *See Black* v. *Black*, 306 Ark. 209, 214, 812 S.W.2d 480, 482 (1991). A payor spouse's other children, even if not supported under a court order, may be considered in determining the financial ability to support another child. *Stewart* v. *Winfrey*, 308 Ark. 277, 283, 824 S.W.2d 373, 377 (1992). If the chancellor considers such factors, the chancellor must enter a written finding or a specific finding on the record as to why the amount so calculated, after consideration of all relevant factors, is inappropriate. *See Scroggins* v. *Scroggins*, 302 Ark. 362, 365, 790 S.W.2d 157, 159 (1990).

The supreme court in *Stewart v. Winfrey, supra*, has recently discussed the chancellor's ability to consider a payor spouse's other dependents in setting support:

> We have recently held that the child support chart and the criteria used for deviating from it are not mandatory. There may be other matters in addition to the support chart that have a strong bearing upon determining the amount of support. The factors listed in the *per curiam* order are examples of these other matters. *Black* v. *Black*, 306 Ark. 209, 812 S.W.2d 387 (1991). The financial

ability to pay child support could be one factor in determining whether a deviation from the chart is appropriate. Reference to the chart is mandatory, but applying the specific chart amounts is not mandatory if it would be unjust or inequitable, and if written findings are made to that effect.

The Court of Appeals has also recognized that a payor spouse's other children, even if not supported under a court order, may be considered in determining the financial ability to support another child. *Waldon* v. *Waldon*, 34 Ark. App. 118, 806 S.W.2d 387 (1991).

The Chancellor's decision in this case that other children may not be considered under the support chart could have been error if taken to mean the Chancellor could not look beyond the chart to determine the appropriate support amount. [Appellant], however, does not argue this aspect of the issue in his brief and only contends the chart violates the equal protection clause. After figuring the child support amount under the chart, a chancellor has the discretion to adjust the amount if equitable and if written findings are made to that effect. In making the decision, the chancellor can consider a parent's ability to pay. This would necessarily include a consideration of other children the parent is legally obligated to support. The family support chart thus poses no equal protection clause violation.

308 Ark. at 283-84, 824 S.W.2d at 377. See also our most recent decision on this point in *Howard* v. *Wisemon*, 38 Ark. App. 27, 826 S.W.2d 314 (1992).

Appellant also argues that this state's statutory system for allocating child support violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. As can be noted from the proceeding quotation, the supreme court has held that the Family Support Chart does not violate the equal protection clause. *Stewart* v. *Winfrey*, 308 Ark. at 283, 824 S.W.2d at 377. Furthermore, appellant is raising this argument for the first time on appeal, and issues raised for the first time on appeal will not be considered by the appellate court. *See Cox* v. *Bishop*, 28 Ark. App. 210, 217, 772 S.W.2d 358, 361

(1989). Even arguments of constitutional dimensions must be argued below if they are to be preserved on appeal. *Chapin* v. *Stuckey*, 286 Ark. 359, 368, 692 S.W.2d 609, 615 (1985).

We hold that the chancellor erroneously concluded he was prohibited from considering appellant's other dependents in setting child support. Because it is discretionary with the chancellor whether consideration of such a factor would warrant an adjustment in the amount of support ordered, we cannot conclude that the chancellor's refusal to consider such a factor was harmless error. Therefore, we remand the case for the chancellor's reconsideration in light of this opinion.

Reversed and remanded.

COOPER and DANIELSON, JJ., agree.