ARKANSAS DEPARTMENT OF HUMAN SERVICES
Child Support Enforcement Unit *v.* Nathaniel FORTE

CA 93-745                                              877 S.W.2d 949

Court of Appeals of Arkansas
Division II
Opinion delivered June 15, 1994

*Mark Woodville*, for appellant.

*Rodney McDaniel* and *Rick C. Schumaker*, for appellee.

JOHN B. ROBBINS, Judge. This appeal is from a judgment of the Little River County Chancery Court which awarded current and back child support in a paternity action. Appellant, the Department of Human Services, contends the chancellor erred in considering appellee's other illegitimate children in setting support for the child involved in this action and that the chancellor's award of past child support is deficient. For the reasons hereinafter explained, we affirm the award of back child support but reverse the chancellor's award of current support and remand for further consideration.

U.T. was born out of wedlock on March 10, 1976, to Barbara Trotter. On April 16, 1992, appellant, as assignee of Ms. Trotter, filed a complaint against appellee, Nathaniel Forte, alleging that he is the biological father of U.T. and seeking both prospective and retrospective child support. Blood tests were ordered by the court, but prior to trial appellee stipulated that he is U.T.'s father. A hearing was then held on the amount of child support to be awarded.

At trial, appellee testified that he has worked for Weyerhaeuser for the past fifteen years and that his usual take-home pay is between $250.00 and $260.00 per week after taxes, a $20.00

credit union fee, and health insurance are deducted. He testified that he pays rent of $150.00 per month, drives a 1978 Chevrolet Malibu automobile, and currently has $10.00 in savings and $20.00 to $30.00 in a checking account. He further testified that he has two other illegitimate children, three-year-old twins, by another woman. He stated that he helps support these children, although they do not live with him and he is not under a court order to do so. He stated that he could not put a dollar figure on the support he provides them but gets them whatever they need.

In reference to U.T., appellee testified that he has been providing support for him since he was born based on what Ms. Trotter has requested and U.T.'s needs. He stated that the reason Ms. Trotter has never needed public assistance in the past is because he pitched in at times when she needed extra help.

Barbara Trotter testified that she makes $10,000.00 to $11,000.00 annually, has been continuously employed since U.T.'s birth, and has always supported him. She stated that appellee has paid her less than $100.00 in the past year for U.T.'s support and that he has never paid her over $300.00 in any year. She testified that she has been threatening to file a paternity action against appellee for years but did not because she thought she would be able to work things out with him.

At the conclusion of the hearing, the chancellor awarded appellant current child support of $35.00 per week, although the child support chart provides $57.00 per week for one dependent at appellee's income level. The chancellor stated that he was not following the chart because of appellee's other two children and the fact that a paternity action would probably be brought on their behalf in the future. The order entered by the court did not give any reason for the chancellor's decision not to follow the chart.

Arkansas Code Annotated § 9-12-312(a)(2) (Repl. 1991) provides:

> In determining a reasonable amount of support, initially or upon review to be paid by the noncustodial parent, the court shall refer to the most recent revision of the family support chart. It shall be a rebuttable presumption for the award of child support that the amount contained

in the family support chart is the correct amount of child support to be awarded. Only upon a written finding or specific finding on the record that the application of the support chart would be unjust or inappropriate, as determined under established criteria set forth in the support chart, shall the presumption be rebutted.

At the time of the hearing, the applicable family support chart was set out in the supreme court's per curiam *In Re: Guidelines for Child Support Enforcement*, 305 Ark. 613 (1991). In this per curiam, the supreme court also listed the factors the court should consider in determining whether an amount specified by the chart is unjust or inappropriate. Payments made to support other children were not included in this list; however, these payments were specified in the per curiam's definition of income.

Income refers to the definition in the federal income tax laws, less proper deductions for:

1. Federal and state income tax;

2. Social security (FICA) or railroad retirement equivalent;

3. Medical insurance paid for dependent children; and

4. Presently paid support for other dependents by Court order.

*Id.* at 615.

Appellant first argues that the chancellor abused his discretion in considering appellee's other two illegitimate children as justification for deviating from the child support chart. Appellant contends that the child support guidelines allow the chancellor to consider only those children that appellee is under a court order to support as justification for not ordering the amount set by the chart.

A chancellor, however, is not prohibited from considering other matters in addition to the child support chart in setting the amount of support. *Clark* v. *Tabor*, 38 Ark. App. 131, 135, 830 S.W.2d 873, 875 (1992). The child support chart and the criteria used for deviating from it are not conclusive, and there

may be other matters in addition to the child support chart that have a strong bearing upon determining the amount of support. *Stewart* v. *Winfrey*, 308 Ark. 277, 280, 824 S.W.2d 373, 377 (1992).

In *Waldon* v. *Waldon*, 34 Ark. App. 118, 123-24, 806 S.W.2d 387, 390 (1991), this Court recognized that a payor spouse's children by his present marriage could be considered by a chancellor in determining financial ability to support another child. This holding was again recognized in *Clark* v. *Tabor*, 38 Ark. App. at 135, 830 S.W.2d at 875, where this Court stated that a payor spouse's other children, even if not supported under a court order, may be considered in determining the financial ability to support another child.

In the case at bar, there was evidence from which the chancellor could have found that appellee contributes to his other children's support. Therefore, we cannot say the chancellor's consideration of these children in setting support is in error. Nevertheless, we must reverse and remand this award to the chancellor because the method the chancellor employed in determining appellee's child support obligation is not appropriate.

It appears that the chancellor applied appellee's income figure of $270.00 to the chart under the column for three dependents, which showed support of $101.00, and then divided that figure by three, to arrive at support for U.T. of $35.00. In *Waldon* v. *Waldon, supra*, this Court held that the chart should be applied to the child that is before the court and that it is improper for the chancellor to have applied the chart based on three dependents and then divide that amount by three. "The result of applying the chart as the chancellor did here is that the amount of support for the one child was diluted, as the chart is structured so that the amount of support per child decreases in proportion to the number of added dependents." 34 Ark. App. at 123, 806 S.W.2d at 390. Therefore, we must remand this decision to the chancellor with instructions to apply the chart based on the one child that is before it and then, if the chancellor finds this amount unjust or inequitable, to make such adjustments as he considers necessary supported by written findings.

Appellant for its second point contends the trial court erred in awarding only $6,000.00 for past support. In making

this award, the chancellor stated that, based upon the equities of the case, the length of time Ms. Trotter waited in bringing the action, "everything considered," arrearage would be awarded in the amount of $6,000.00. The grant or denial of an award of back child support in a paternity action rests upon the equities of a particular case, and in order to find that the chancellor committed reversible error, the appellate court would have to hold that his findings in this regard are against the preponderance of the evidence. *Arkansas Dep't of Human Servs. v. Hardy*, 316 Ark. 119, 126-27, 871 S.W.2d 352, 357 (1994); *Green v. Bell*, 308 Ark. 473, 479-80, 826 S.W.2d 226, 230 (1992); and *Ryan v. Baxter*, 253 Ark. 821, 824-25, 489 S.W.2d 241, 244 (1973). In *Arkansas Department of Human Services v. Hardy*, the supreme court refused to reverse a chancellor's denial of back support in a paternity action, stating that the question is simply what is fair. 316 Ark. at 126, 352 S.W.2d at 357.

█ Under the circumstances of this case, we cannot say the chancellor's determination of what is fair is clearly against the preponderance of the evidence. Appellee testified that he has been providing support for U.T. since his birth. Although Ms. Trotter testified that appellee never paid over $300.00 in any year, she waited until U.T. was seventeen before bringing an action for support. Accordingly, we affirm the $6,000.00 award of back support and, on the issue of current support, reverse and remand for entry of an order consistent with this opinion.

Affirmed in part; reversed and remanded in part.

JENNINGS, C.J., and COOPER, J., agree.