Mildred L. FONTENOT v. Stephen M. FONTENOT

CA 94-624                                        898 S.W.2d 55

Court of Appeals of Arkansas
Division II
Opinion delivered May 10, 1995

*L.D. Gibson*, for appellant.

*Mixon & McCauley, P.A.*, by: *James R. McCauley*, for appellee.

JOHN MAUZY PITTMAN, Judge. Appellant, Mildred Fontenot, and the appellee, Stephen Fontenot, were divorced, and appellant was awarded custody of the parties' children and child support. Appellant appeals from a February 1994 order which increased child support and awarded appellee the right to claim as dependents for income tax purposes the three minor children. For the reasons that follow, we reverse and remand for proceedings consistent with this opinion.

In a March 1993 order, the chancellor deviated from the family support chart and set monthly child support at $280.00 for each of the three children, for a total of $840.00. The court acknowledged that appellee had remarried and acquired two stepchildren since a 1989 support order and that appellant claimed the children as exemptions on her income tax returns. Appellant was then earning $266.00 weekly.

In June 1993, appellant petitioned the court for an increase in child support pursuant to a change in her circumstances. Because of illness, surgery, and subsequent complications, appellant testified that she had worked only four weeks between April 11, 1993, and November 23, 1993. She testified that she receives insurance sick pay of $90.44 weekly, that she has to work two weeks out of every fifteen weeks to retain the sick pay, that she receives full pay for the two weeks she works, and that she did not know when she would be able to return to work. She also stated that she had depleted her savings account and was behind on house and car payments. The parties' son who attends college also lives with appellant. Appellee, a captain in the United States Army, testified that he receives monthly net pay of $3,697.00 and that his monthly household living expenses total $2,640.00. He further stated that his wife had temporary work earning $1,000.00 monthly.

In a February 1994 order, the chancellor found that appellant had suffered a severe and traumatic illness that necessitated appellant's leaving her job, that her circumstances had deteriorated to the point of being "dire", and that she was attempting to support the children with a weekly income of $90.00 and appellee's monthly support of $840.00. The chancellor concluded

that there was a material change in circumstances. The chancellor also found that appellee's circumstances had not changed except for a modest increase in his salary. The chancellor's order increased child support "to the amount of $388.33 per child per month for a total of $1,165.00 per month in accordance with the Child Support Chart"; stated that "[a]s each child reaches the age of eighteen or graduates from high school, whichever is later, the child support amount shall be reduced accordingly"; and provided that appellee could claim the three children as dependents on his tax return for 1993 and subsequent years.

■ Appellant first contends that the chancellor erred in addressing the issue of tax exemptions because the issue was not raised by either party and thus was not before the court. We do not agree. In *Jones* v. *Jones*, 43 Ark. App. 7, 858 S.W.2d 130 (1993), the appellant similarly argued that the issue was not raised by either party in its pleadings or testimony. We stated that the right to claim the parties' children as tax exemptions is accurately characterized as a matter of child support. *Id.* Here, the issue of child support clearly was before the court, and therefore the issue of the right to claim the children as dependents for tax purposes could be addressed by the chancellor in the decree.

■ Appellant next contends that because the chancellor awarded appellee the tax exemptions, the chancellor essentially deviated from the child support chart without providing the required written findings. We agree. Arkansas Code Annotated § 9-12-312(a)(2) (Repl. 1993) provides for the determination of child support as follows:

> In determining a reasonable amount of support, initially or upon review to be paid by the noncustodial parent, the court shall refer to the most recent revision of the family support chart. It shall be a rebuttable presumption for the award of child support that the amount contained in the family support chart is the correct amount of child support to be awarded. Only upon a written finding or specific finding on the record that the application of the support chart would be unjust or inappropriate, as determined under established criteria set forth in the family support chart, shall the presumption be rebutted.

In *Roland* v. *Roland*, 43 Ark. App. 60, 859 S.W.2d 654 (1993), we stated:

> "Reference to the chart is mandatory, and the chart itself establishes a rebuttable presumption of the appropriate amount which can only be explained away by written findings stating why the chart amount is unjust or inappropriate." *Black* v. *Black*, 306 Ark. 209, 214, 812 S.W.2d 480, 482 (1991). The chancellor, in his discretion, is not entirely precluded from adjusting the amount as deemed warranted under the facts of a particular case. *Waldon* v. *Waldon*, 34 Ark. App. 118, 806 S.W.2d 387 (1991). The presumption may be overcome if the chancellor determines, upon consideration of all the relevant factors, that the chart amount is unjust or inappropriate. *Id.*

43 Ark. App. at 65.

■ In *Freeman* v. *Freeman*, 29 Ark. App. 137, 778 S.W.2d 222 (1989), we stated:

> In *Niederkorn* v. *Niederkorn*, 616 S.W.2d 529, 533 (Mo. Ct. App. 1981), the court said, "[a]n award of the tax exemption to one party is nearly identical in nature to an order that the other party pay as child support a sum equal to the value of the exemption." *See also Calia* v. *Calia*, 624 S.W.2d 870, 874 (Mo. Ct. App. 1981).

29 Ark. App. at 141. Appellee has received a benefit by the chancellor's order permitting appellee to claim the dependents on his tax return, but we are unable to determine from the record the extent of the benefit. The chancellor's award concerning the dependents essentially caused his child support award to appellant to be a deviation from the support chart without the requisite findings to support a deviation.

■■ This court has the power to decide chancery cases *de novo* on the record before it, but in appropriate cases, the court also has the authority to remand such cases for further action. *Jones* v. *Jones*, 43 Ark. App. 7, 18, 858 S.W.2d 130 (1993). This case requires a remand for the chancellor to reconsider the tax exemption issue. We leave it to the discretion of the chancellor to decide whether a more detailed and explanatory opinion will suffice to meet the requirement of the supreme court's per curiam

order on child support guidelines and Arkansas Code Annotated § 9-12-312(a)(2) or whether further proof from the parties is necessary on the applicable factors and other relevant matters.

■ Appellant also contends that although the chancellor intended to apply the child support chart in setting support for the three children, he mistakenly set the amount at $1,165.00 monthly instead of the $1,180.00 monthly chart amount based on a monthly salary of $3,650.00 and three dependents. This is a matter the chancellor can address on remand of this case. In addition, there are some indications in the record that the established monthly net pay of $3,697.00 may be appellee's net pay *after* the deduction of the previously set $840.00 monthly child support payment. If so, this issue may also be addressed on remand.

■ Appellant's final argument concerns the chancellor's order for reduction in child support as each child reaches age eighteen or graduates from high school. The chancellor set child support at $388.33 per child per month for a total of $1,165.00 per month "in accordance with the Child Support Chart." The order further provided that as each child reaches the age of eighteen or graduates from high school, support shall be reduced accordingly. Even though the chancellor spoke of the child support being $388.33 per child, we do not believe the chancellor's intent was to reduce the child support by $388.33 as each child reached majority. Rather, we believe he intended that child support be reduced in accordance with the child support chart. This issue can also be clarified on remand.

Reversed and remanded.

COOPER and MAYFIELD, JJ., agree.