Christy Tucker DUMAS *v.* Marc TUCKER

CA 02-1020                                    119 S.W.3d 516

Court of Appeals of Arkansas
Division I
Opinion delivered May 14, 2003

*Skelton & Clark*, by: *William Douglas Skelton*, for appellant.

R OBERT J. GLADWIN, Judge. Christy Tucker Dumas appeals from an order of the Pope County Circuit Court that increased the amount of child support made to her by appellee but denied her request that she be allowed to claim tax exemptions for both children. For reversal, appellant argues that the trial court erred in awarding to a noncustodial parent the right to claim a child for tax-exemption purposes without providing the requisite written or specific findings to support this decision. Appellee did not file an appellate brief. For the reasons that follow, we reverse and remand for proceedings consistent with this opinion.

Appellant and appellee were divorced on August 20, 1997. Appellant was awarded custody of the parties' two minor children. Appellee was ordered to pay child support and was awarded the right to claim one of the children for tax-exemption purposes. The court made no specific findings of fact to support this decision, and neither party objected to the order entered at that time.

On July 24, 2000, appellant filed a petition seeking an increase in child support and requesting that she be allowed to claim both children for tax-exemption purposes. In an order filed August 6, 2002, the court found a change in circumstances sufficient to warrant an increase in child support, and appellant agrees that the court correctly determined appellee's income and set the child support in accordance with the chart. However, the court denied appellant's request that she be allowed to claim both children for tax purposes, leaving the situation as it was in the 1997 order.

Appellant's argument on appeal is that the August 2002 order allowing appellee, the noncustodial parent, to claim one of the children for tax purposes was tantamount to an award of child support. Appellant further argues that by making such an award, the judge deviated from the child-support chart and failed to make the requisite findings to support this deviation. We agree.

Administrative Order Number 10 provides in section III(f) that allocation of dependents for tax purposes belongs to the custodial parent pursuant to the Internal Revenue Code. However, the order notes, the court shall have the discretion to grant dependency allocation, or any part of it, to the noncustodial parent if the benefit of the allocation to the noncustodial parent substantially outweighs the benefit to the custodial parent.

Arkansas Code Annotated section 9-12-312(a)(2) (Repl. 2002) provides for the determination of child support as follows:

> In determining a reasonable amount of support, initially or upon review, to be paid by the noncustodial parent, the court shall refer to the most recent revision of the family support chart. It shall be a rebuttable presumption for the award of child support that the amount contained in the family support chart is the correct amount of child support to be awarded. Only upon a writ-

ten finding or specific finding on the record that the application of the support chart would be unjust or inappropriate, as determined under established criteria set forth in the family support chart, shall the presumption be rebutted.

These statutory requirements are applicable in a modification setting. *Freeman v. Freeman*, 29 Ark. App. 137, 778 S.W.2d 222 (1989).

■ In *Freeman*, the parties had entered into a separation agreement, part of which governed the right to claim tax exemptions for the parties' children. When the trial court subsequently modified the tax-exemption provision of the decree, appellant argued that the right to claim the children as dependents was bargained for and was more in the nature of a property right. In holding that the trial court had the authority to modify the tax-exemption provision contained in the parties' agreement and incorporated into the original decree of divorce, we stated that such a provision is "more closely related in nature to an award of child support than it is to a settlement of property rights. . . . " *Freeman*, 29 Ark. App. at 140, 778 S.W.2d at 224.

■ In *Fontenot v. Fontenot*, 49 Ark. App. 106, 898 S.W.2d 55 (1995), we noted that the right to claim the parties' children as dependents for tax purposes is accurately characterized as a matter of child support. The parties in *Fontenot* were divorced, and appellant was awarded custody of the parties' children and child support. In a subsequent order, the court increased the child support to be paid to appellant and awarded appellee the right to claim as dependents for income-tax purposes the parties' three minor children. We held that because the trial court awarded the tax exemptions to the noncustodial parent, the court essentially deviated from the child-support chart without providing the required findings, and the case was remanded.

■ ■ In setting the amount of child support, reference to the chart is mandatory, and the chart itself establishes a rebuttable presumption of the appropriate amount, which may only be deviated from if supported by written findings or specific findings on the record stating why the chart amount is unjust or inappropriate. *See Roland v. Roland*, 43 Ark. App. 60, 859 S.W.2d 654 (1993).

The trial court is not entirely precluded from adjusting the amount as deemed warranted under the facts of a particular case; the presumption in favor of the chart amount may be overcome if the trial court determines, upon consideration of all relevant factors as set out in Administrative Order Number 10, Section III(f), that the chart amount is unjust or inappropriate. *See Waldon v. Waldon*, 34 Ark. App. 118, 806 S.W.2d 387 (1991). Additionally, when considering whether to award to a noncustodial parent the right to claim a child for tax purposes, the trial court is required by Administrative Order Number 10, Section III(f) to determine whether the benefit of the allocation to the noncustodial parent substantially outweighs the benefit to the custodial parent.

██ ██ We agree with the holding of the Missouri Court of Appeals in *Niederkorn v. Niederkorn*, 616 S.W.2d 529, 533 (Mo. Ct. App. 1981), as cited in *Freeman*, 29 Ark. App. at 141, 778 S.W.2d at 224, that "an award of a tax exemption to one party is nearly identical in nature to an order that the other party pay as child support a sum equal to the value of the exemption." An award of a tax exemption to a noncustodial parent results in a deviation from the child-support chart. The trial court in the case before us erred in making such an award without providing the findings required by Ark. Code Ann. § 9-12-312(a)(2) and without weighing the benefits to the parties as required by Administrative Order Number 10.

██ ██ This court has the power to decide cases involving child support *de novo* on the record before it, but in appropriate cases, the court also has the authority to remand such cases for further action. *Fontenot, supra.* We think it appropriate to remand this case to the trial court for further consideration of the tax-exemption issue. We leave it to the discretion of the trial judge to decide whether a more detailed and explanatory opinion will suffice to meet the requirements of Administrative Order Number 10 and Ark. Code Ann. § 9-12-312(a)(2) or whether further proof from the parties is necessary regarding the applicable factors and other relevant matters.

Reversed and remanded.

BIRD and VAUGHT, JJ., agree.