NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

SABRINA ASTRID MARTINEZ, *Petitioner/Appellee,*

*v.*

ANGEL RODRIGUEZ MARTINEZ, *Respondent/Appellant.*

No. 1 CA-CV 15-0452 FC
FILED 4-28-2016

Appeal from the Superior Court in Maricopa County
No. FC2002-003803
The Honorable John R. Doody, Judge *Pro Tempore*

**AFFIRMED IN PART; REVERSED & REMANDED IN PART;
VACATED IN PART**

COUNSEL

Harmon Law Office, Tempe
By Emile J. Harmon
*Co-Counsel for Petitioner/Appellee*

McCulloch Law Offices, Tempe
By Diana McCulloch
*Co-Counsel for Petitioner/Appellee*

Amicus Law PLLC, Mesa
By Jennifer Summers
*Counsel for Respondent/Appellant*

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Lawrence F. Winthrop joined.

**K E S S L E R**, Judge:

¶1        Angel R. Martinez ("Father") appeals from a family court order finding he wrongfully claimed the parties' two children as tax exemptions in 2011 and 2012 and ordering him to reimburse Sabrina A. Martinez ("Mother") the $6,300 she was assessed by the Internal Revenue Service ("IRS") when she also claimed the tax exemptions.  The family court had authority to enter this order; however, the record does not support the finding that Father wrongfully claimed both tax exemptions in 2011.  Accordingly, we vacate the amount of the judgment against Father and remand for recalculation of that amount.  We also reverse the order awarding prejudgment interest pursuant to Arizona Revised Statutes section ("A.R.S.") 25-510(E) (Supp. 2015)[1] and remand for recalculation pursuant to A.R.S. § 44-1201(B) and (F) (2013).  We affirm the order in all other respects.

### FACTUAL AND PROCEDURAL HISTORY

¶2        The parties' 2002 divorce decree ordered Father to pay child support of $438 a month for the parties' two minor children.  The decree entitled Mother to claim their daughter and Father to claim their son as a tax exemption each year.  In 2012, the parties stipulated to a new child support order obligating Father to pay $715.30 per month effective March 1, 2012.  The 2012 child support order again entitled each party to claim one child as a tax exemption each year, but added that Father could claim his tax exemption "only if he has paid all child support and arrears ordered for the year by December 31 of that year."

¶3        In 2015, Mother filed a petition for an order to appear regarding enforcement and contempt, alleging, among other issues, that Father wrongfully claimed the tax exemptions for both children in 2011 and 2012.  Mother sought to have Father found in contempt and ordered to pay the debt she owed to the IRS as a result of his wrongful use of the tax

---

[1] We cite the current version of applicable statutes and rules when no revisions material to this decision have since occurred.

exemptions. After a hearing, the family court found Father unlawfully claimed both children as tax exemptions on his 2011 and 2012 tax returns causing Mother to incur a $6,300 debt to the IRS ($3,500 in 2011 and $2,800 in 2012). The court characterized its order as a support judgment to accrue interest at the rate of ten percent per annum beginning September 30, 2013. Father filed a timely notice of appeal from this order.[2]

## DISCUSSION

### I.  Family Court's Authority to Enter Support Judgment

¶4          Father argues the family court lacked statutory authority to enter an award of damages related to his claiming both children as tax exemptions in 2011 and 2012. Instead, Father contends Mother could pursue her claim in federal court or seek redress with the IRS itself; and if she did have a remedy under state law, she would need to file a civil claim against him. We disagree.

¶5          The family court has authority to enter an award of damages related to the tax exemptions. The order on appeal relates to the enforcement of a prior child support order. "[A] trial court has the inherent power to ensure its orders are followed," *Elizabeth W. v. Georgini*, 230 Ariz. 527, 529, ¶ 8 (App. 2012), and Arizona Rule of Family Law Procedure ("Rule") 91(A) specifically authorizes a party to file a petition to enforce a prior family court order. Additionally, the power to enforce prior support orders is also authorized by A.R.S. § 25-502(A) (Supp. 2015) ("The superior court has original jurisdiction . . . to establish, enforce or modify the duties of support . . . ."). *See Danielson v. Evans*, 201 Ariz. 401, 411, ¶ 37 (App. 2001) ("A trial court retains 'continuing jurisdiction to enforce its orders for [child] support and [spousal] maintenance, by means of a petition for contempt proceedings to enforce the order,' regardless of a pending appeal from the underlying order that had imposed the support and maintenance obligations." (alteration in original) (quoting *Dyer v. Dyer*, 92 Ariz. 49, 52 (1962))); *see also Armstrong v. C.I.R.*, 745 F.3d 890, 895 (8th Cir. 2014) ("Of course, if a violation of a state court order wrongly deprives the intended

---

[2] This order included language from Arizona Rule of Family Law Procedure 78(B) even though the issue of attorneys' fees was pending. The order also found Father in contempt for failing to pay child support. Father filed a petition for special action regarding the finding of contempt. *See* Petition for Special Action, 1 CA-SA 15-0193 (Ariz. App. July 22, 2015). This court declined special action jurisdiction without comment. *See* Order Declining Special Action Jurisdiction, 1 CA-SA 15-0193 (Ariz. App. July 23, 2015).

beneficiary of a federal tax advantage, the state court unquestionably retains authority to remedy that violation.").

¶6            Mother was also not required to file a civil claim against Father or seek redress with the IRS itself.  "Arizona's superior court is a 'single unified trial court of general jurisdiction.'"  *Rinegar v. Rinegar*, 231 Ariz. 85, 88, ¶ 13 (App. 2012) (citation omitted); *see also* Ariz. Const. art. 6, §§ 13, 14.  "The superior court may maintain separate departments for different kinds of cases, but such administrative organization does not partition the court's general subject matter jurisdiction."  *Rinegar*, 231 Ariz. at 88, ¶ 13.  The Arizona Child Support Guidelines set forth a detailed method for allocating federal tax exemptions for children covered by support orders, and the family court is required to allocate these tax exemptions.  *See* A.R.S. § 25-320 app. § 27 (Supp. 2015) ("Guidelines"); *McNutt v. McNutt*, 203 Ariz. 28, 34, ¶ 26 (App. 2002) (holding family court is required to allocate federal tax exemptions); *Lincoln v. Lincoln*, 155 Ariz. 272, 276 (App. 1987) (holding family court abused its discretion by failing to allocate tax exemption). Here, the court ordered Father to reimburse Mother for his wrongful use of tax exemptions.  This order was a result of Father disobeying prior support orders and the need to enforce those prior orders.  The fact that the issues involve tax liabilities did not require Mother to file a separate civil suit.

¶7            Our conclusion is consistent with that of several other jurisdictions that have held orders regarding tax exemptions are in the nature of child support orders.  *See Hall v. Hall*, 472 N.W.2d 217, 221 (Neb. 1991) (holding "a tax dependency exemption is nearly identical in nature to an award of child support or alimony" and citing similar conclusions from other jurisdictions); *Cross v. Cross*, 363 S.E.2d 449, 458 (W.Va. 1987) (holding trial court has authority to award tax exemptions "as an integral part of setting child support"); *Fontenot v. Fontenot*, 898 S.W.2d 55, 56 (Ark. Ct. App. 1995) ("[T]he right to claim the parties' children as tax exemptions is accurately characterized as a matter of child support.").

## II.    Evidence Supporting the Judgment

¶8            Father contends the evidence does not support the court's finding that he wrongfully claimed two exemptions in 2011 or the amount of the judgment.  We view the record in the light most favorable to upholding the family court order.  *See Danielson*, 201 Ariz. at 412, ¶ 42. Mother contends Father waived these objections by failing to object at the hearing.  A party's failure to object to the trial court's findings does not waive the right to question on appeal the sufficiency of the evidence to

support the judgment. *See Bayless Inv. & Trading Co. v. Bekins Moving & Storage Co.*, 26 Ariz. App. 265, 270-71 (1976).

¶9　　　　The family court found Father failed to pay the full amount of child support ordered in 2011 and 2012. The Arrears Calculation Report shows that Father had a significant arrearage from previous years, but had paid the full $438 support payment every month in 2011. Although Father had *accrued* arrearages prior to 2011, there was *no court order* that he make arrearage payments in effect at that time. Pursuant to Guidelines § 27, the relevant inquiry is whether Father paid his support obligation for the 2011 calendar year and whether he made any *court-ordered* arrearage payments. Father paid his 2011 support obligations in full and there were no court-ordered arrearage payments due in 2011. Thus, Father was entitled to claim the son as a tax exemption for 2011. However, Father claimed both children as tax exemptions in 2011 when he was only entitled to claim one exemption. Therefore, Father violated the court order for 2011.

¶10　　　　In 2012, Father underpaid his support obligations for several months, and, therefore, was not entitled to claim any tax exemptions for 2012 pursuant to the child support order and § 27 of the Guidelines. The evidence in the record shows Father wrongfully claimed one tax exemption in 2011 and both tax exemptions in 2012.

¶11　　　　Father next argues the evidence does not support the amount of the judgment. Mother testified that she was "sanctioned" $3,500 by the IRS for claiming both tax exemptions Father already claimed in 2011. However, Father was entitled to claim only one tax exemption in 2011, so Father is obligated to reimburse Mother for amounts owed as a result of his wrongfully claiming one tax exemption in 2011, not both. Accordingly, we reverse the judgment and remand for recalculation of the amount Father owes Mother for wrongfully claiming the daughter in 2011.

¶12　　　　Father also contends the award of $2,800 as damages for 2012 was not supported by the evidence. Mother testified the IRS "sanctioned" her $2,800 for claiming both tax exemptions in 2012. Mother also testified that she was paying an accountant; however, the court only ordered Father to pay the amount Mother owed the IRS. Father did not offer any contrary evidence regarding the amount of the IRS penalties and did not object to Mother's testimony. The judgment did not include any of the speculative "damages" Mother discussed in her testimony. Mother's testimony as to the amount of the penalty for tax year 2012 is sufficient evidence to support the order. *See Imperial Litho/Graphics v. M.J. Enters.*, 152 Ariz. 68, 72 (App.

1986) ("It is well established that the testimony of an interested party is competent evidence; interest merely goes to credibility.").

## III.    Judgment as Support Order

**¶13**        Father contends the family court erred in characterizing its order as a support order and imposing the ten percent interest rate applicable to support orders rather than the lower interest rate applicable to all other judgments. *See* A.R.S. § 25-510(E) (applying ten percent interest rate to support arrearages); A.R.S. § 44-1201(B) (stating interest on any judgment shall be the lesser of ten percent or prime plus one percent unless different rate provided by statute); A.R.S. § 44-1201(F) (stating prejudgment interest shall be awarded at rate described in subsection B).

**¶14**        We agree with Father only as to  the application of A.R.S. § 25-510(E) to any prejudgment interest.  Section 25-500(9) (Supp. 2015) defines support as "the provision of maintenance or subsistence and includes medical insurance coverage, or cash medical support, and uncovered medical costs for the child, arrearages, interest on arrearages, past support, interest on past support and reimbursement for expended public assistance."  "Arrearage" is defined as "the total unpaid support owed, including child support, past support, spousal maintenance and interest."  A.R.S. § 25-500(1).  Here, the award can be considered an arrearage because in taking the tax exemption Father affected Mother's child support.  Therefore, the family court was correct in characterizing the order for reimbursement as a support order.

**¶15**        Since the order was a support order on an arrearage, the ten percent interest rate of A.R.S. § 25-510(E) applied to post-judgment interest. The family court erred, however, in imposing the ten percent interest rate pursuant to A.R.S. § 25-510(E) as prejudgment interest.  Section 25-510(E) only applies to post-judgment and not prejudgment interest:

> In calculating support arrearages not reduced to a *final written money judgment*, interest accrues at the rate of ten per cent per annum beginning at the end of the month following the month in which the support payment is due, and interest accrues only on the principal and not the interest.  A support arrearage reduced to a *final written money judgment* accrues interest at the rate of ten per cent per annum and accrues interest only on the principal and not on interest.

(Emphasis added.)  As a result, the prejudgment interest is governed by A.R.S. § 44-1201(B) and (F).

## IV.   Prejudgment Interest

**¶16**      Father also argues the family court erred in finding Mother was entitled to prejudgment interest accruing as of September 30, 2013. Mother argues Father waived any objection to the start date by failing to object at the hearing.  Father's failure to object to a particular date does not deprive him of the right to argue on appeal that prejudgment interest was improper as a matter of law and there was insufficient evidence regarding the start date.  *See Bayless Inv. & Trading Co.*, 26 Ariz. App. at 270-71. Whether a party is entitled to prejudgment interest is a question subject to de novo review.  *Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 508 (1996).

**¶17**      Father contends the prejudgment interest cannot start until Mother makes a demand.  A party is entitled to prejudgment interest on a liquidated claim starting on the date the claim becomes due.  *Id.*  Where an unconditional money debt is involved, prejudgment interest accrues from the date the claimant makes a demand.  *Id.* at 509.  "In those cases in which no demand has been made on the defendants, the prejudgment interest is calculated from the time the complaint was filed."  *Dawson v. Withycombe*, 216 Ariz. 84, 113, ¶ 100 (App. 2007).  Because there was no evidence Mother made a demand for reimbursement of the IRS sanctions prior to filing her petition, "prejudgment interest should accrue from the date the complaint was filed" on March 8, 2015.  *Id.*  Thus, to the extent Father owes less than the full $3,500 penalty for 2011, on remand, the court may decide whether the exact amount owed can be determined from the data to make it liquidated.  *See Paul R. Peterson Const., Inc. v. Ariz. State Carpenters Health & Welfare Tr. Fund*, 179 Ariz. 474, 485 (App. 1994) ("All that is required is for a plaintiff to provide a basis for a precise calculation that would make the amount of damages readily ascertainable . . . through simple computation."); *Trus Joist Corp. v. Safeco Ins. Co. of Am.*, 153 Ariz. 95, 109 (App. 1986) ("All that is necessary is that the evidence furnish data which, *if believed*, makes it possible to compute the amount with exactness." (emphasis added)).  If it can make that determination, it can apply the prejudgment interest rate of A.R.S. § 44-1201(B) and (F) beginning as of March 8, 2015.  That date shall also apply for prejudgment interest on the amount owed for taking the 2012 tax exemptions.

## ATTORNEYS' FEES AND COSTS ON APPEAL

**¶18**      Father requests an award of his costs on appeal pursuant to A.R.S. § 12-341 (2016).  We deny Father's request for costs on appeal because he was not the successful party overall.  *See* A.R.S. § 12-341, -342 (2016);

*Ayala v. Olaiz*, 161 Ariz. 129, 131 (App. 1989) ("In cases involving various competing claims, counterclaims and setoffs all tried together, the successful party is the net winner."); *see also Ocean W. Contractors, Inc. v. Halec Constr. Co.*, 123 Ariz. 470, 473 (1979) (stating that a monetary award is not dispositive but "an important item to consider when deciding who, in fact, did prevail.").

¶19 Mother requests an award of attorneys' fees and costs, citing A.R.S. § 25-324 (Supp. 2015). Father's positions on appeal were not unreasonable, and the record includes a child support worksheet from November 2015 showing the parties have comparable incomes. Accordingly, we decline to award Mother her attorneys' fees on appeal.[3]

### CONCLUSION

¶20 Father was entitled to claim the son as a tax exemption for the 2011 tax year. Accordingly, we vacate the judgment against him for $3,600 and remand for recalculation of the amount Father owes Mother for wrongfully claiming the daughter in 2011. We also reverse the order awarding prejudgment interest pursuant to A.R.S. § 25-510(E) and remand for recalculation pursuant to A.R.S. § 44-1201(B) and (F) as to 2012 and as to 2011, assuming the court finds the recalculation of the amount owed for 2011 is liquidated. In all other respects, the judgment is affirmed.[4] Each party shall bear his or her own attorneys' fees and costs on appeal.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[3] Having declined Mother's fee request on this basis, we need not address Father's somewhat inconsistent argument that this is a family support order under Title 25 chapter five, therefore, fees are not authorized under A.R.S. § 25-324 which applies only to proceedings under Title 25, chapters three and four, dealing with dissolution and legal decision-making/parenting time.

[4] Finding the family court had authority to enter the order, we do not address Father's argument that the court erred in awarding Mother a judgment in equity.