Cite as 2020 Ark. App. 205

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-19-367

| | |
|---|---|
| ELIZABETH JANE CALLAN<br><br>APPELLANT<br><br>V.<br><br>JASON ELLIOT CALLAN<br>APPELLEE | **Opinion Delivered** April 1, 2020<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION<br>[NO. 60DR-17-4394]<br><br>HONORABLE CATHLEEN V. COMPTON, JUDGE<br><br>REVERSED AND REMANDED |

## N. MARK KLAPPENBACH, Judge

Appellant Elizabeth Jane Callan appeals the divorce decree entered by the circuit court in December 2018 that evenly divided the tax-dependency exemptions between her and her ex-husband, appellee Jason Elliot Callan. The decree permitted Elizabeth to claim one child, permitted Jason to claim another child, and ordered the parties to alternate yearly the right to claim their third child. Elizabeth argues that because she is the children's primary physical custodian, she is entitled to claim all three children, and the circuit court clearly erred in failing to so rule. We reverse and remand.

The parties married in 2010, and there are three children of the marriage. In May 2015, Elizabeth filed a complaint for judicial separation of their covenant marriage in case number 60DR-15-1951.[1] In June 2017, the parties entered into a separation and property-

---

[1]A "judicial separation" is a proceeding under Arkansas's Covenant Marriage Act of 2001, defined in Arkansas Code Annotated section 9-11-802(2) (Repl. 2015) as "a judicial

settlement agreement. Their agreement, in eight pages of detail, addressed the division of assets and debts, child custody and visitation, and child support. The parties agreed to share joint legal custody, but Elizabeth was named primary physical custodian; Jason had visitation privileges and agreed to pay $1200 per month in child support. The parties agreed to evenly divide the tax exemptions for the children, with Elizabeth claiming one child, Jason claiming another child, and the parties alternating the right to claim the third child. In August 2017, the circuit court approved the property-settlement agreement and granted Elizabeth a judicial separation from Jason.

In November 2017, Elizabeth filed another complaint, this time seeking a divorce in case number 60DR-17-4394. In her complaint, she referenced the August 2017 judicial separation and settlement agreement, asking that the circuit court adopt and approve the provisions of the settlement agreement for purposes of a final divorce. In December 2017, Jason answered and denied all of Elizabeth's allegations; Jason counterclaimed for divorce, asked that the circuit court adjudicate their property rights and debts, and asked for joint custody of the children.

In April 2018, the circuit court entered a temporary order that permitted the parties to share joint legal and physical custody of the children, detailed some particular times and dates when each parent would have the children, and ordered Jason to continue paying $1200 per month in child support.

---

proceeding pursuant to § 9-11-809 that results in a court determination that the parties to a covenant marriage live separate and apart." A judicial separation in a covenant marriage does not dissolve the bond of matrimony but ends their cohabitation and "the common concerns that existed between them." Ark. Code Ann. § 9-11-810(a).

In June 2018, the parties appeared before the circuit court, announcing that they had agreed to a final settlement and requesting to read the agreed terms into the record. The circuit court granted the request. The parties agreed that Jason would be granted the divorce. The attorneys recited the substance of the parties' agreement that (1) the parties would share joint legal custody with Elizabeth having primary physical custody; (2) the visitation schedule already in place in the temporary order (with a few adjustments not relevant here) would continue; (3) Elizabeth would receive $11,000 from Jason over time on a payment schedule to equalize the value they each received from their retirement accounts; (4) Jason's child-support obligation would remain at $1200 per month as recited in the temporary order; (5) Jason would continue to provide health insurance for the children; and (6) the parents would evenly divide responsibility for uncovered medical expenses. There was no mention of the allocation of the children as tax exemptions. The circuit court asked both Elizabeth and Jason if the agreement, as it had been read into the record, was fair to them and in the best interest of the children. Both said yes. The circuit judge approved the agreement read into the record and granted Jason a divorce from Elizabeth.

In November 2018, the parties returned to court because, in drafting the proposed decree, they could not agree on the allocation of the children as dependents for income-tax purposes. Elizabeth argued that she did not agree to give Jason any of the tax exemptions in the divorce case, that she was unemployed at the time of the judicial separation but was currently employed, that the tax allocations helped her financially, and that as primary custodian she was entitled to claim all three children. Jason argued that the settlement

agreement made part of the judicial-separation case controlled, that they had already divided the allocation of the children for tax exemption purposes, and that the rest of the proposed decree essentially tracked the earlier approved settlement. Jason testified that he could not afford the $1200 in child support and other financial obligations he agreed to if he did not get the tax-dependency allocations. Jason asked the circuit court to uphold their earlier agreement. The circuit court ruled that it would leave the tax-dependency allocations "as is." The circuit court reasoned that it was not going to override the parties' binding agreement that was approved and incorporated into the August 2017 court order. This appeal followed.

Our standard of review for an appeal from a child-support order is de novo on the record. *Ward v. Doss*, 361 Ark. 153, 205 S.W.3d 767 (2005). In reviewing a circuit court's factual findings, we give due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Szwedo v. Cyrus*, 2019 Ark. App. 23, 570 S.W.3d 484. A circuit court's conclusion of law, however, is given no deference on appeal. *Id.*

Arkansas Supreme Court Administrative Order Number 10 contains our state's child-support guidelines, and it provides in section III(f) for the allocation of dependents for tax purposes:

> Allocation of dependents for tax purposes belongs to the custodial parent pursuant to the Internal Revenue Code. However, the Court shall have the discretion to grant dependency allocation, or any part of it, to the noncustodial parent if the benefit of the allocation to the noncustodial parent substantially outweighs the benefit to the custodial parent.

4

The right to claim the parties' children as dependents for tax purposes is not a property right but is more accurately characterized as a matter of child support. *See Dumas v. Tucker*, 82 Ark. App. 173, 119 S.W.3d 516 (2003).

In determining a reasonable amount of child support, the circuit court shall refer to the most recent revision of the family-support chart. Ark. Code Ann. § 9-12-312(a)(3)(A) (Supp. 2019). The amount established by the family-support chart is presumed to be correct, but this presumption is rebuttable. Ark. Code Ann. § 9-12-312(a)(3)(B). The presumption can be rebutted only on a written finding or specific finding on the record that the application of the support chart would be unjust or inappropriate as determined under established criteria set forth in the family-support chart. Ark. Code Ann. § 9-12-312(a)(3)(C)−(D). When a circuit court awards the tax exemption to a noncustodial parent, this constitutes a deviation from the amount of child support set by the family-support chart. *Dumas*, *supra*.

In this case, the circuit court was presented with a new cause of action, which was for a final divorce, and the circuit court had entered a temporary order on child support pending the final divorce. A final determination of child support was set by the circuit court upon entry of the final decree of divorce. The circuit court expressed that it was essentially bound by the parties' earlier contractual agreement made part of the judicial-separation case, but we hold that it was not so bound.[2] These tax exemptions are a child-support matter.

---

[2]We hasten to add that, as a general rule, the circuit court always retains jurisdiction over child support as a matter of public policy, no matter what an independent contract states. *See Roark v. Office of Child Support Enf't*, 101 Ark. App. 382, 387, 278 S.W.3d 114, 117 (2008); *McKinney v. McKinney*, 94 Ark. App. 100, 105, 226 S.W.3d 37, 41 (2006).

Giving those allocations to a noncustodial parent is considered a deviation from the child-support chart amount, which requires findings to support such a deviation. Those necessary findings are lacking here.

This court has the power to decide cases involving child support de novo on the record before it, but in appropriate cases, the court also has the authority to remand such cases for further action. *Dumas*, *supra*. It is apparent that the circuit court here did not analyze the tax-exemption issue but rather enforced the parties' earlier agreement. We think it appropriate to remand this case to the circuit court for further consideration of the tax-exemption issue. We leave it to the discretion of the circuit court to decide whether further proof from the parties is necessary and whether a deviation is appropriate in this case.

Reversed and remanded.

VAUGHT and BROWN, JJ., agree.

*Richard E. Worsham*, for appellant.

*LaCerra, Dickson, Hoover & Rogers, PLLC*, by: *Natalie Dickson*, for appellee.