Rebecca WHEELER *v*. PHILLIPS DEVELOPMENT CORPORATION and Evergreen Four Limited Partnership

97-187                                                947 S.W.2d 380

Supreme Court of Arkansas
Opinion delivered July 7, 1997

*W. Christopher Paul*, for appellant.

*Snellgrove, Laser, Langley, Lovett & Culpepper*, by: *P. Sanders Huckabee*, for appellees.

RAY THORNTON, Justice. Appellant Rebecca Wheeler was injured when she stepped on a rock that was on the sidewalk of her apartment community, which is owned by appellees Phillips Development Corporation and Evergreen Four Limited Partnership. Freda Morris Hulen, the apartment manager, was operating a weedeater in the vicinity at the time. Appellant, who is a diabetic and legally blind, filed a complaint alleging that appellees had a duty of care to keep the premises safe because it is occupied primarily by elderly, handicapped, and disabled persons. She alleged that Ms. Hulen knew or should have known that the rock was on the sidewalk and that appellees, through their agent, breached their duty of care to her in failing to keep the sidewalk clear of dangerous objects.

Appellees moved for summary judgment, denying that they owed her a higher duty of care than that of a landlord to a tenant, and arguing that appellant had failed to present a genuine issue of material fact on the allegation of negligence. An affidavit by Ms. Hulen accompanied the motion, stating that she had not caused a rock to be on the sidewalk, and that she was unaware of any rocks on the sidewalk.

In her response to the motion, appellant argued that Ms. Hulen's statement that it was her duty to manage the apartments and maintain the lawn, stating further that "I mow, weedeat, and then clean off the sidewalk" created a genuine issue of material fact as to whether appellees had assumed a duty to keep the area

safe. Appellant offered in support of her motion an affidavit from Leo Roger Cox, who stated that he saw Ms. Hulen operating the weedeater ten to fifteen feet from the sidewalk where appellant was injured, that Ms. Hulen knew or should have known that the rock was there, and that Ms. Hulen was the only person he saw in the area. Appellant also stated in her own affidavit that Ms. Hulen knew or should have known that the rock was there. However, appellant did not offer any lease agreement, ground rules, or any other document or evidence to reflect that appellees had assumed a higher standard of care for their tenants than applicable to a normal landlord-tenant relationship. The evidence offered in response to appellee's motion for summary judgment failed to raise a genuine issue of material fact as to whether appellees assumed a duty to keep the common areas safe, and we agree with the ruling of the trial court.

▮ It is appropriate to sustain a grant of summary judgment if the record before the trial court "shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Tullock v. Eck,* 301 Ark. 564, 567, 785 S.W.2d 31, 46 (1993); Ark. R. Civ. P. 56(c). Appellees, as movant for summary judgment, bear the burden of showing that there is no issue of material fact. *Gleghorn v. Ford Motor Credit Co.,* 293 Ark. 289, 737 S.W.2d 451 (1987). All evidence must be viewed in light most favorable to appellant, as she is the party resisting the motion, and she is also entitled to have all doubts and inferences resolved in her favor. *Tullock, supra.* However, she may not rest upon the mere allegation of her pleadings, but her response by affidavits or other evidence as provided by Ark. R. Civ. P. 56 must show specifically that there is a genuinely disputed issue of material fact. *Guthrie v. Kemp,* 303 Ark. 74, 793 S.W.2d 782 (1990).

▮ Appellant argued to the trial court, as she does on appeal, that appellees owed a duty to her as an invitee to use ordinary care to keep the common sidewalk safe. This is an incorrect statement. A tenant is not an invitee on her landlord's premises but has a right equal to that of the landlord to exclusive possession of the property. *Glasgow v. Century Property Fund XIX,* 299 Ark. 221, 772 S.W.2d 438 (1989). Since 1969, when we decided

*Kilbury v. McConnell*, 246 Ark. 528, 438 S.W.2d 692 (1969), we have adhered to what is known as the Massachusetts rule; that is, that a landlord has no duty to a tenant to remove hazards from common areas *unless such terms are spelled out in the lease. Id.; see also Bartley v. Sweetser* , 319 Ark. 117, 890 S.W.2d 574 (1994). When there is no evidence of an agreement or assumption of duty that removes a landlord from the general rule, we will sustain a grant of summary judgment for the landlord. *Hall v. Rental Management, Inc.*, 323 Ark. 143, 913 S.W.2d 293 (1996). Further, the question of whether a duty is owed is always a question of law and never one for the jury. *65th Center, Inc. v. Copeland*, 308 Ark. 456, 825 S.W.2d 574 (1992). Appellant offered no evidence of such an agreement, she has merely shown that appellees were maintaining the grounds. We do not agree with her argument that such measures reflect an assumption of a duty to keep the common areas safe. We hold that the trial court was correct in granting appellees' motion for summary judgment, and affirm.

Affirmed.