IN RE ADOPTION of D.J.L., *A Minor;*
C.L. and L.L., *Appellants*

99-1134                                                    16 S.W.3d 263

Supreme Court of Arkansas
Opinion delivered May 18, 2000

*Jerry Mazzanti,* Judge;

*The Harper Law Office, P.L.L.C.,* by: *Greg Fallon,* for appellants.

One brief only.

ROBERT L. BROWN, Justice. This is a one-brief appeal brought filed by the appellants, C.L. and L.L. Their sole point on appeal is that the trial court erred in holding that L.L. could not be a petitioner for the adoption of D.J.L. unless she relinquished all of her rights and responsibilities as a natural parent of the child. We affirm the trial court but do so on the basis that the appellants have failed to abstract material parts of the record and further have failed to develop the legal issue raised.

The appellants' abstract of the record in this adoption matter consists of one and a half pages. All that is presented to this court in the way of pleadings and proof is the following abstract of the adoption petition: "C.L. and L.L. wish to adopt D.J.L., an infant. L.L. is the natural mother of said child." There is then a citation in the abstract of the brief in support of the petition to Ark. Code Ann. § 9-9-204 (Repl. 1998). The Addendum to appellants' brief contains a letter opinion from the trial court and the order denying the petition. In its letter opinion, the trial court bases its denial on Ark. Code Ann. § 9-9-215(a)(1) (Repl. 1998), and the failure of the natural mother to relinquish her rights in the child prior to petitioning for adoption.

As an initial matter, we are provided no information concerning the natural father and his consent to the adoption. Under certain circumstances, the natural father must consent. Ark. Code Ann. § 9-9-206(a)(2) (Repl. 1998). However, if the natural father has deserted or abandoned the child or relinquished his consent, consent is not required. Ark. Code Ann. § 9-9-207(a) (Repl. 1998). There is also nothing in the abstract to indicate whether notice of a hearing on the adoption was given to the natural father or whether a hearing was ever held.

Nor do we know from the abstract the age of the person to be adopted or whether the trial court dispensed with the child's consent. Ark. Code Ann. § 9-9-206(a)(5) (Repl. 1998). We further are not provided information relating to the marital status of L.L. and C.L. or their genders or their county of residence.

■ ■ Our rules are clear that the appellants' abstract must provide an impartial condensation of material parts of the record in order to give this court an understanding of the case so that it can make a decision. Ark. Sup. Ct. R. 4-2(a)(6). Our Supreme Court Rules are also clear that if this court finds the appellants' abstract to be flagrantly deficient, we may affirm the trial court for failure to comply with our rules. Ark. Sup. Ct. R. 4-2(b)(3). Because there are seven justices on the court, we rely on the abstract and will not examine a single record to ascertain the material facts in a case. *Winters v Elders*, 324 Ark. 246, 920 S.W.2d 833 (1996). There is no doubt that the abstract in this case is flagrantly deficient, and we affirm on that basis.

 In addition to the abstract deficiency, the appellants have asserted in their three-page brief that because our statutes provide that an unmarried adult may adopt a child under Ark. Code Ann. § 9-9-204(2) (Repl. 1998), it stands to reason that two unmarried adults should also have the ability to adopt.[1] However, they cite us to no authority in support of their theory of the case. Absent citation to authority or the rendition of convincing argument, we do not reverse. *Robinson v. Langdon*, 333 Ark. 662, 970 S.W.2d 292 (1998); *Dixon v. State*, 260 Ark. 857, 545 S.W.2d 606 (1977). Failure to develop the legal issue presents a second reason to affirm.

Affirmed.

---

[1] The appellants argue in their brief that an adoption by two unmarried adults is permissible, but nothing in their abstract denotes their marital status.