Sammy Lynn DENTON *v.* Clifton PENNINGTON
& Linda Pennington d/b/a Pennington Companies

CA 02-1033                                    119 S.W.3d 519

Court of Appeals of Arkansas
Division IV
Opinion delivered May 14, 2003

*McHenry& McHenry Law Firm*, by: *Donna McHenry* and *Robert McHenry*, and *Greg Taylor*, for appellant.

*Matthews, Sanders & Sayes,* by: *Doralee I. Chandler* and *Roy Gene Sanders,* for appellees.

OLLY NEAL, Judge. Appellant, Sammy Denton, brings this appeal from the trial court's order granting summary judgment in favor of the appellees, Clifton and Linda Pennington d/b/a Pennington Companies. On appeal, he asserts that the trial court erred when it found there were no genuine issues of material fact. We reverse and remand.

The appellees own Wingate Plaza, a commercial property located in Faulkner County, Arkansas. Wingate Plaza is composed of five buildings, buildings A, B, C, D, and E. Building A was unique from the other buildings in that along the back of the building a continuous wooden deck, that was built by the appellees, ran the length of the building. The appellees employed someone who routinely patrolled and visually inspected the common areas of the property. The employee would occasionally hammer nails that were sticking up in the deck back into place.

Appellant leased office space in Wingate Plaza. His office was located in suite 3 of building A. On January 16, 1999, while walking along the deck from suite 2 to suite 3, appellant injured his back when his foot went through a board in the deck. The injury left appellant unable to work. On March 27, 2000, appellant sued the appellees for breach of contract and negligence. Following discovery, the appellees filed a motion for summary judgment, asserting that they did not have a duty to repair the deck. Appellant filed a response in which he asserted that the appellees had created and undertaken a duty to repair the deck. The trial court found that the appellees had no duty to maintain or repair the deck and granted their motion for summary judgment. Appellant now appeals.

Summary judgment is a remedy that should be granted only when there are no genuine issues of fact to litigate and when the case can be decided as a matter of law. *Carver v. Allstate Ins. Co.,* 77 Ark. App. 296, 76 S.W.3d 901 (2002). The moving party bears the burden of showing that there is no issue of material fact. *See*

*Wheeler v. Phillips Dev. Corp.*, 329 Ark. 354, 947 S.W.2d 380 (1997). Once the moving party has established a *prima facie* entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Spears v. City of Fordyce*, 351 Ark. 305, 92 S.W.3d 38 (2002). On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.*

■ On appeal, appellant contends that the appellees agreed in the lease contract to maintain and repair the deck. Arkansas follows the common-law rule that a landlord owes no duty to his tenant to repair the premises. *Stewart v. McDonald*, 330 Ark. 837, 958 S.W.2d 297 (1997); *Majewski v. Cantrell*, 293 Ark. 360, 737 S.W.2d 649 (1987); *Hurst v. Feild*, 281 Ark. 106, 661 S.W.2d 393 (1983). However, we have recognized that a duty can arise in certain circumstances under the terms of the lease. *See Stewart v. McDonald, supra.* The pertinent parts of appellant's lease provide:

### 7. Repairs

#### A. Lessor's Repairs

Lessor shall maintain the exterior walls, doors, and roof, *exterior*, interior, plumbing, wiring, heating, ventilation and air conditioning systems of the structure upon the leased premises in reasonable state of repair as may be required to keep and maintain the same in good and tenable condition, to include changing furnace filters periodically so as to maintain heating and air conditioning units.

* * *

### 17. Common Areas

Any parking area or other areas which lessor may provide shall be for the joint use of lessor, lessee, other tenants or lessor and the customers, invitees, and employees of lessor, lessee, and other tenants of lessor; and lessor hereby grants to

> lessee the right, during the term of this lease, to use any parking area and other common areas which may be provided in common with others entitled to the use thereof. The use thereof shall be subject to such reasonable regulations or limitations as lessor shall make or require from time to time.

The question of duty owed by one person to another is ordinarily one of law. *Elkins v. ARKLA, Inc.*, 312 Ark. 280, 849 S.W.2d 489 (1993). However, when the matter of legal duty is the subject of a contract which is ambiguous as to the parties' intent, a question of fact is presented. *Id.*; *Easterling v. Weedman*, 54 Ark. App. 22, 922 S.W.2d 357 (1996). Language in a contract is ambiguous when there is doubt or uncertainty as to its meaning or it is fairly susceptible of two interpretations. *American Investors Life Ins. Co. v. Butler*, 76 Ark. App. 355, 65 S.W.3d 472 (2002). On motion for summary judgment, the court viewing the evidence in the light most favorable to the nonmoving party, ascertains the plain and ordinary meaning of the language in the written instrument, and if there is any doubt about the meaning, there is an issue of fact to be litigated. *Carver v. Allstate Ins. Co.*, *supra*.

Here, the lease agreement provides that the appellees would maintain the exterior in a reasonable state of repair. The word "exterior" makes paragraph 7 in the lease ambiguous. "Exterior" is susceptible to more than one interpretation in that it may or may not encompass the deck. A material question of fact remained; therefore, the trial court erred when it granted the appellees' motion for summary judgment.

Appellant also contends that the appellees assumed the duty to maintain and repair the deck. An assumption of duty by conduct can remove the landlord from the protection of the general rule of nonliability. *Eoff v. Warden*, 330 Ark. 244, 953 S.W.2d 880 (1997).

The evidence established that the appellees had an employee patrol and visually inspect the common areas of the property, including the deck. The employee's duties included picking up the trash, trimming the hedges, mowing the lawn

around the deck, and making sure the premises were clean. In addition, the employee would often drive in nails that she found protruding from the deck. Therefore, the question becomes whether the appellees removed themselves from the general rule and assumed a duty to repair the deck.

In *Wheeler v. Phillips Development Corp.*, *supra*, the appellant injured herself when she stepped on a rock that was on the sidewalk at her apartment complex. At the time of her accident, the apartment manager was operating a weedeater in the vicinity. Appellant filed suit alleging that her landlord breached its duty of care by failing to keep the sidewalk clear. In response to the landlord's motion for summary judgment, the appellant argued that the apartment manager's duties, which included mowing, weedeating, and cleaning off the sidewalk, created a genuine issue of material fact as to whether the landlord had assumed a duty to keep the area safe. In affirming the trial court's grant of summary judgment, our supreme court held that maintaining the grounds of an apartment complex did not create an assumption of a duty to keep the common areas safe. *Id.*

The case at bar is distinguishable from *Wheeler*. Here, the appellees' maintenance person drove nails back into the surface of the deck, swept the deck, and cut the grass in and around the deck. Viewing the evidence in a light most favorable to appellant, we conclude that there was a question as to whether the maintenance person's conduct created an assumption of maintenance by the appellees.

Based on the foregoing, we hold that the trial court erred when it granted the appellees' motion for summary judgment. There were material questions of fact as to whether the appellees agreed to maintain and repair the deck in the lease and as to whether the appellees' conduct created an assumption of a duty to maintain and repair the deck. Therefore, we reverse and remand.

Reversed and remanded

PITTMAN and ROAF, JJ., agree.