David E. LEWIS *v.* Louvenia K. LEWIS

CA 03-1168                                           185 S.W.3d 621

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered June 16, 2004

*Law Office of Sara M. Hartness*, by: *Sara M. Hartness*, for appellant.

*Haddock & Tisdale, P.A.*, by: *James W. Haddock*, for appellee.

JOHN MAUZY PITTMAN, Chief Judge. The parties were divorced in 1993 by a decree awarding custody of the parties' minor child to appellant. No provision for payment of child support by appellee was made in the decree. The decree also provided that appellant had been on active military duty for sixteen years during the course of the marriage but had not at the time of the divorce satisfied the requirement for retirement from active duty, and established a formula for awarding a portion of appellant's prospective military retirement benefits to appellee.[1]

The Uniformed Services Former Spouses Protection Act, 10 U.S.C.A. § 1408, establishes a procedure for an ex-spouse to receive his or her portion of military retirement benefits directly from the federal government. Appellee did not comply with these procedures when appellant retired in 1996; consequently, she did not receive her portion of the retirement benefits directly from the government, nor did she receive her portion from appellant. Almost seven years later, she brought a motion for contempt alleging that appellant failed to pay her portion of the retirement benefits. Appellant asserted laches and estoppel as a defense, and testified that the parties entered into an oral agreement shortly after the decree was entered whereby appellant would not seek an award of child support in return for appellee's agreement to forgo her portion of the military retirement benefits until their child had completed her education.

---

[1] No appeal was taken from this order and no argument has been made concerning whether nonvested military retirement benefits are marital property subject to division. *See Burns v. Burns*, 312 Ark. 61, 847 S.W.2d 23 (1993); *Holaway v. Holaway*, 70 Ark. App. 240, 16 S.W.3d 302 (2000).

The trial judge did not consider appellant's defenses of laches and estoppel, stating in his letter opinion that "[t]his court does not believe such an oral agreement regarding child support would be enforceable in any event." The letter opinion was expressly incorporated into the decree granting appellee judgment for back retirement benefits in the amount of $30,087.50. This appeal followed.

For reversal, appellant contends that the trial court erred in interpreting the decree so as to impose a burden on appellant to ensure that appellee was paid the portion of the military retirement benefits awarded her under the decree, and in disregarding appellant's arguments regarding laches and equitable estoppel. Appellant's second point is meritorious, and we reverse and remand.

■ Appellant first contends that the trial court, by ordering him to pay appellee the back retirement benefits to which she was found to be entitled, improperly placed a burden on appellant that was not imposed by the prior order. We do not agree. Nothing in the decree required appellee to collect her share of the benefits directly from the government; she was simply found to be entitled to this property, and the trial court could properly enforce its decree to ensure that it was delivered to her. *See Thomas v. Thomas*, 246 Ark. 1126, 443 S.W.2d 534 (1969).

■ The second argument hinges on whether or not the trial judge erroneously believed that estoppel and laches were unavailable. We think that his comment in his letter opinion demonstrates that he did. The trial judge's stated reason for concluding that laches and estoppel could not be based on an agreement to forego child support was that such agreement regarding child support would not be enforceable. It is true that the trial court always retains jurisdiction over child-support issues as a matter of public policy, no matter what the parties' independent contract provides, *Harris v. Harris*, 82 Ark. App. 321, 107 S.W.3d 897 (2003), and that an agreement promising not to seek child support therefore would not be an enforceable contract. However, the appellant here was not seeking to enforce a promise, but instead was asserting that an agreement that had been completely executed had given rise to an estoppel.

■ Estoppel arises where, by the fault of one party, another has been induced, ignorantly or innocently, to change his position for the worse in such a manner that it would operate as a

virtual fraud upon him to allow the party by whom he has been misled to assert the right in controversy. *Bethell v. Bethell*, 268 Ark. 409, 597 S.W.2d 576 (1980). Estoppel does apply to child-support matters. Estoppel has been applied in a case where a father failed to pay child support as ordered, but was actually supporting his children in his home, and the contempt citation for the arrearage was not filed until after the mother removed the children and the father was no longer supporting them. *Ramsey v. Ramsey*, 43 Ark. App. 91, 861 S.W.2d 313 (1993). Similarly, it has been held that long delay by a wife in invoking the process of the court to enforce a decree may give rise to an estoppel against her claiming an accrued arrearage. *Bethell v. Bethell, supra.*

■■ The same principle applies to the defense of laches. The Arkansas Supreme Court has held that:

> There is no hard and fast rule as to what constitutes laches. It is well settled that a court of equity may, in the exercise of its own inherent powers, refuse relief where it is sought after undue and unexplained delay, and where injustice would be done in the particular case by granting the relief asked. It is usually said that the two most important circumstances in such cases are the length of the delay and the nature of the acts done during the interval, which might affect either party and cause a balance of justice or injustice in taking the one course or the other in so far as it relates to the remedy.

*Padgett v. Bank of Eureka Springs*, 279 Ark. 367, 376-77, 651 S.W.2d 460, 465 (1983). Here there was testimony of an agreement, detrimental reliance, and resultant injury, and there is no question that there was an "undue and unexplained" delay of seven years in seeking the retirement benefits to which appellee was entitled under the decree. Under these circumstances, we think that the trial judge clearly could have applied laches or estoppel had he found that application of those doctrines was warranted by the facts. Because he did not do so because of a mistake of law, we remand for him to determine whether the facts so warrant.

Reversed and remanded.

STROUD, C.J., and ROBBINS, NEAL, and CRABTREE, JJ., agree.

GRIFFEN, J., concurs.