Cite as 2020 Ark. App. 287

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CV-19-654

| | |
|---|---|
| PAT ALTENBAUMER | **Opinion Delivered:** May 6, 2020 |
| APPELLANT | APPEAL FROM THE LITTLE RIVER COUNTY CIRCUIT COURT [NO. 41CV-18-18] |
| V. | |
| SOUTHLAND MANAGEMENT CORPORATION | HONORABLE TOM COOPER, JUDGE |
| APPELLEE | AFFIRMED |

## MEREDITH B. SWITZER, Judge

Pat Altenbaumer appeals the Little River County Circuit Court's grant of summary judgment to Southland Management Corporation (Southland). We affirm.

On June 12, 2017, Altenbaumer, a tenant of the Myrtle Terrace apartment complex, fell on a sidewalk at the complex, breaking her hip and sustaining other injuries. In February 2018, Altenbaumer filed a complaint against Southland, the owner of Myrtle Terrace, for premises liability. She asserted that another tenant's dog, which was on a leash staked into the ground, approached her and wrapped its leash around her legs, and that the dog's activities, along with a dip in the sidewalk, caused her to fall and suffer injuries. She claimed that Southland owed a duty to her as an invitee to use ordinary care to maintain the premises in a reasonably safe condition; it knew or should have known of the dog and its ability to approach people on its leash and of the defective sidewalk; and Southland had negligently failed to post warnings of those dangers. Altenbaumer claimed she was entitled to damages

for past, present, and future medical care; past, present, and future pain, suffering, and mental anguish; loss of quality of life, personal dignity, and enjoyment of life; and humiliation, fright, embarrassment, and emotional distress.

Southland denied any responsibility for Altenbaumer's injuries. On March 28, 2019, Southland filed a motion for summary judgment alleging there were no material facts remaining to be litigated as "discovery has made it abundantly clear that Southland breached no duty owed to Altenbaumer, and accordingly, Southland is entitled to judgment as a matter of law." In support of its motion, Southland attached the lease agreement between Myrtle Terrace and Altenbaumer; various depositions and responses to interrogatories; and copies of Myrtle Terrace's pet policies. Altenbaumer resisted this motion. However, on April 22 the circuit court granted Southland's motion and dismissed Altenbaumer's complaint with prejudice.

It is well settled that summary judgment should be granted only when it is clear there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Farm Bureau Mut. Ins. Co. of Ark., Inc. v. Hopkins*, 2018 Ark. App. 174, 545 S.W.3d 257. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Dodson v. Allstate Ins. Co.*, 365 Ark. 458, 231 S.W.3d 711 (2006). All proof submitted must be viewed in the light most favorable to the party against whom the motion was filed, and any doubts and inferences must be resolved against the moving party. *Hurd v. Hunt*, 2017 Ark. App. 228, 519 S.W.3d 710. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Farm*

2

*Bureau, supra.*  The nonmoving party may not rest on the mere allegations in its pleadings, but instead must produce affidavits or other evidence as provided by Ark. R. Civ. P. 56 to show specifically that there is a genuinely disputed issue of material fact.  *Wheeler v. Phillips Dev. Corp.*, 329 Ark. 354, 947 S.W.2d 380 (1997).

The mere fact that an accident occurred is not evidence of negligence.  *Sammons v. SEECO, Inc.*, 2012 Ark. App. 650, 425 S.W.3d 38.  Negligence is not imposed in the absence of proof, and conjecture and speculation, however plausible, cannot be permitted to supply the place of proof.  *Id.*  In order to prevail on a claim of negligence, the plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's damages.  *Lloyd v. Pier W. Prop. Owners Ass'n*, 2015 Ark. App. 487, 470 S.W.3d 293.  Duty is a concept that arises out of the recognition that the relationship between individuals may impose on one a legal obligation for the other.  *Id.*  The duty owed by one person to another is always a question of law and never one for the jury.  *Id.*  We review questions of law de novo.  *Id.*

In its motion for summary judgment, Southland asserted that it breached no duty owed to Altenbaumer and there were no material facts remaining to be litigated.  Southland alleged that a landlord has no legal obligation to a tenant for injuries sustained in common areas unless a duty is imposed by statute or agreement, and there was no breach of duty under the lease agreement because the pet policy was consistent with the applicable USDA Rural Development regulations.  In support of this assertion, Southland attached the lease agreement with Altenbaumer; portions of various depositions; Altenbaumer's response to

interrogatories; and Myrtle Terrace's pet policy, with copies executed by Altenbaumer and Deborah Wood, the owner of the dog.

First, it must be determined what duty, if any, Southland owed to Altenbaumer. Altenbaumer erroneously contends that she was Southland's business invitee. However, the relationship between Altenbaumer and Southland is that of landlord and tenant. A tenant is not an invitee on her landlord's premises but has a right equal to that of the landlord to exclusive possession of the property. *Wheeler*, *supra*. A landlord has no legal obligation for a tenant's injury on the premises unless a duty is imposed by statute or agreement. *Bartley v. Sweetser*, 319 Ark. 117, 890 S.W.2d 250 (1994); *see also* Ark. Code Ann. § 18-16-110 (Repl. 2015).

While Altenbaumer asserted in her complaint that it was a combination of the dog's leash wrapping around her legs and a poorly designed sidewalk that caused her to fall, by her own admission, the sidewalk was not a cause of her injuries. In her deposition, Altenbaumer stated that she had lived in the same apartment at Myrtle Terrace for eight years. When asked about the sidewalk at Myrtle Terrace, she said it was "uneven" and "hard to walk on," but she admitted that it was not cracked, and it had "always" been that way. When asked if she would agree that the condition of the sidewalk where she fell had nothing to do with her falling, Altenbaumer answered, "The dog tripped me, that is what made me fall." When asked in interrogatories to state in her own words how the incident occurred, Altenbaumer responded, "I was walking from my apartment to my car. On my way, my neighbor's dog wrapped its leash around my legs, causing me to fall, hitting the

4

concrete." It was undisputed there was no evidence that the condition of the sidewalk contributed to Altenbaumer's fall.

There was no allegation or evidence presented that Southland owed Altenbaumer a duty pursuant to statute. The only question is whether Southland owed a duty to Altenbaumer pursuant to an agreement. The only agreement at issue was the lease agreement between Altenbaumer and Myrtle Terrace, section 13 of which provides: "Landlord shall maintain the buildings and common areas in the Apartment Complex in accordance with applicable housing codes and RD regulations." Annette Cowan testified in her deposition that she was the person designated to determine compliance with the U.S. Rural Development 515 program for Myrtle Terrace, and she had been involved with that program for fifty years. She said that in conjunction with Rural Development policies, the complex was required to have a pet policy; each complex developed its own policy and submitted it for approval with overall management plans, and Myrtle Terrace's management plans had been approved by Rural Development. Cowan explained that with respect to the pet policy, each complex was allowed to determine the weight of the pets, with the exception of service animals.

Two pet policies were attached to Southland's motion for summary judgment. In the first pet policy, dogs were limited to under twenty pounds, and pets were required to be kept on a leash or caged at all times when not in the apartment. Additionally, there was a provision stating that the apartment complex did not carry liability insurance for tenants' pets, and pet owners were responsible for any damage or injuries caused by their pets. The second, revised, pet policy increased the weight of dogs to thirty pounds or less but still

5

contained the provision that animals must be leashed and could not be unattended when outside the unit. The revised policy also required the pet owner to provide evidence of liability insurance and to sign an agreement exempting Southland from any injury caused by the pet. When asked about the dog, whose name was Maggie, Altenbaumer said on the day of the accident, Maggie was on a leash long enough to reach to her front door, and that Deborah Wood, Maggie's owner, was outside with the dog. Altenbaumer estimated Maggie was three or four years old, less than a foot tall, and about fourteen inches long. She said Wood had always staked Maggie outside for several hours almost every day and that Maggie was always able to come to her door while on the leash. Altenbaumer said she had never had an issue or problem with Maggie before June 2017. Altenbaumer said that on the day of the accident, when she was trying to walk away, Maggie's leash wrapped around both of her ankles, making a full loop around her legs.

It was undisputed Maggie was on a leash, in accordance with the pet policy, when Altenbaumer fell. Furthermore, the pet policy clearly placed liability for injuries caused by tenants' pets on the tenant, not the apartment complex, and Altenbaumer presented no evidence to the contrary. There are no genuine issues of material fact in dispute, and as a matter of law, Southland owes Altenbaumer no duty pursuant to a statute or an agreement. Altenbaumer's negligence claim fails, and summary judgment to Southland was proper.

Affirmed.

GRUBER, C.J., and HIXSON, J., agree.

*Harrelson Law Firm, P.A.*, by: *Steve Harrelson*, for appellant.

*Gill Ragon Owen, P.A.*, by: *Jason A. Lee* and *Mitchell S. Dennis*, for appellee.