Cite as 2021 Ark. App. 65

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-19-805

| | |
|---|---|
| JEFFERY C. FRAZIER<br>APPELLANT | **Opinion Delivered:** February 10, 2021 |
| V. | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. 73DR-16-361] |
| OFFICE OF CHILD SUPPORT ENFORCEMENT, JANA L. BLAND, AND PAIGE E. BLAND<br>APPELLEES | HONORABLE THOMAS HUGHES, JUDGE |
| | AFFIRMED IN PART; REVERSED AND REMANDED IN PART |

## KENNETH S. HIXSON, Judge

This is a paternity and child-support case. Appellant Jeffery C. Frazier appeals from a summary-judgment order wherein he was found to be the father of appellee Paige Bland and ordered to pay a judgment of $179,080.54, which represented eighteen years in retroactive child support. For reversal of the summary-judgment order awarding child support, Jeffery first argues that the trial court erred in joining Paige Bland as a party plaintiff in the case. Jeffery also argues that the trial court erred in rejecting his affirmative defenses of unclean hands, laches, waiver, and equitable estoppel.[1] We affirm in part, and we reverse and remand in part.

Appellee Jana Bland is the mother of appellee Paige Bland, who was born on September 21, 1998. When Paige was seventeen years and eight months old, Jana assigned

---

[1]We note that in this appeal Jeffery does not dispute that he is Paige's father.

her rights to child support to appellee Office of Child Support Enforcement (OCSE). OCSE filed a paternity complaint against Jeffery on May 19, 2016. OCSE was the only named plaintiff in the complaint. OCSE alleged that Jeffery is Paige's father and that Jeffery should be ordered to pay eighteen years of retroactive child support. Subsequent DNA testing showed a 99.99 percent probability that Jeffery is Paige's father.

On January 5, 2017, Jeffery filed an amended response to the paternity complaint.[2] In his amended response, Jeffery generally raised the affirmative defenses of unclean hands, laches, waiver, and equitable estoppel, although he offered no specific facts in support. On February 16, 2017, Jeffery filed a motion to join Jana, the mother, as a party to the action so that he could raise his affirmative defenses. In that motion, Jeffery asserted:

> The acts and omissions of the custodial parent were such that . . . Jeffery was prohibited from having any relationship whatsoever with his child as he was not aware of the child's existence until being contacted by Plaintiff 17 years after the child was born. Now that the child has reached the age of majority, the Defendant is precluded from being able to obtain any court-ordered contact or visitation with the child to establish any such relationship.

On April 25, 2017, OCSE filed a motion to strike Jeffery's amended response or, in the alternative, for a more definite statement on the grounds that Jeffery had failed to provide either a factual or legal basis for his affirmative defenses.

On May 26, 2017, the trial court held a hearing and took up the issue of which parties should be among the party plaintiffs in the case. At this hearing, the trial court *sua sponte* suggested that Paige, who was now an adult, should be made a party to the lawsuit. Paige was asked to testify. Paige testified that she was aware that her mother had used OCSE

---

[2]Jeffery had retained new counsel after filing his initial response.

to attempt to establish paternity and child support; that she understood she would never be able to make a claim for child support herself if her mother pursued the back child-support award; that she was aware that there may be potentially different arguments made in opposition to the child-support claim if she were the party bringing the claim rather than her mother; and that she wanted her mother to pursue the action, specifically waiving her right to be a party in the case. Despite Paige's stated desire to not be a party in the case, the trial court made her a party and stated:

> The court only has jurisdiction over the parties to a lawsuit. [Paige] has an interest in this lawsuit. She has now told me she will trust her mother to handle the back child support. If she remains a party, I think that statement has unquestionable validity and certainly is effective. If she's not a party, I'm not sure about it. So I'm going to make her a party.

After the trial court found that Paige would be made a party, Jeffery objected and argued that Paige should not be a party to this case for either paternity or child-support purposes. Jeffery's objection was overruled, and the trial court announced that OCSE, Jana, and Paige were all parties to the case.

On August 23, 2017, the trial court entered an order finding that OCSE shall remain a party to the case and shall be the first plaintiff; that Jana is made a party to the case and shall be the second plaintiff; and that Paige is made a party to the case and shall be the third plaintiff. In that order, the trial court also addressed OCSE's motion to strike or, in the alternative, for a more definitive statement. The trial court gave Jeffery additional time to cure these deficiencies and ordered Jeffery to file a second amended response.

As ordered, on September 20, 2017, Jeffery filed a second amended response to the paternity complaint. In his second amended response Jeffery again raised the affirmative

3

defenses of unclean hands, laches, waiver, and equitable estoppel. Jeffery provided facts in support of his affirmative defenses.

In support of his defense of unclean hands, Jeffery asserted that Jana had told him that he was not Paige's father. He further asserted that, thereafter, Jana held Paige out to be the child of Mike Bland for over seventeen years by giving Paige Mike Bland's last name and by allowing Mike Bland to develop a father/daughter relationship with Paige. Jeffery claimed he had no reason to believe that Paige was his child. Jeffery further asserted that Paige also held herself out to be Mike Bland's daughter by assuming a relationship with Mike Bland's family as if they were her relatives. Then, after it was too late for Jeffery to develop any kind of relationship with Paige and after it was too late for him to enforce a visitation schedule, Jana opened a case with OCSE to establish paternity and child support. Jeffery argued that the "plaintiff" was barred in equity from the relief requested in the paternity complaint due to Jana's conduct under the doctrine of unclean hands.

In support of his defense of laches, Jeffery asserted that Jana waited until four months before Paige's eighteenth birthday to pursue any claim against him. Jeffery argued that the "plaintiff" was barred in equity from the relief requested in the paternity complaint because of the unreasonable delay of bringing a claim.

In support of his defense of waiver, Jeffery repeated many of the above allegations and stated further that the purpose of child support is to ensure that the basic needs of a child are met. Jeffery asserted that Paige was only a child for four months after the case was opened and was now an adult capable of meeting her own basic needs. Jeffery argued that the "plaintiff" was barred in equity from the relief requested in the paternity complaint

4

because of Jana's waiting over seventeen years to pursue any sort of remedy against him, which constituted a waiver of the relief sought.

Finally, in support of his defense of equitable estoppel, Jeffery repeated many of the above allegations and added that Jana strategically waited more than seventeen years to pursue any legal remedy in attempt to secure eighteen years' worth of child support without her having to share any time with Paige. Jeffery stated that Jana wants him to have all the financial obligations of being a father only after having first stripped him of the ability to ever have any of the joys and privileges that would come with that role. Jeffery argued that the "plaintiff" is barred from the relief requested in the paternity complaint because of the acts and omissions of Jana, which he was led to rely on to his detriment.

On October 22, 2018, Jeffery filed a motion to dismiss Paige from the case. In the motion, Jeffery alleged that Paige, an adult, lacked standing to pursue the establishment of child support. Jeffery also alleged that Paige was not the real party in interest pursuant to Ark. R. Civ. P. 17(a). Finally, Jeffery contended that Paige should be dismissed as a party pursuant to Ark. R. Civ. P. 21 because Paige's status as a separate plaintiff was cumulative to Jana's status and that he would be substantially prejudiced if he had to continue to defend against three plaintiffs. Each of the three plaintiffs filed responses to Jeffery's motion, and each objected his request to dismiss Paige from the case. Jeffery's motion to dismiss Paige from the case was never specifically ruled on by the trial court, and Paige remained a party to the case.

A joint motion for summary judgment was submitted by Jana and Paige on October 17, 2018. In the motion, Jana and Paige sought summary judgment on the issue of paternity,

5

asserting that paternity testing established a 99.99 percent probability that Jeffery is Paige's father. In the motion, Jana and Paige also asked for an award of eighteen years of back child support in the amount of $179,080.54. Attached to the motion was the affidavit of Bambi George, a child-support specialist with OCSE, along with documents used by Ms. George to calculate the child-support arrearage. Using Jeffery's admitted income as applied to Administrative Order No. 10, Ms. George calculated his child-support arrearage to be $179,080.54.[3]

In the summary-judgment motion, Jana and Paige maintained that none of the affirmative defenses raised by Jeffery were applicable. The motion asserted that although Jana Bland was once married to Mike Bland, they had divorced before Paige's conception and birth and that, during that entire time, Mike Bland was in the Navy stationed out of state. The motion further alleged that Paige had been given the last name "Bland" because it was the last name of her mother, Jana Bland. Attached to the summary-judgment motion was the affidavit of Jana, wherein she stated

> [t]hat the Defendant was aware of my pregnancy at the time I was pregnant and that it was his child. When I was six months pregnant with . . . Paige, the Defendant came home intoxicated and I kicked him out of my home. That the Defendant's parents came to see the infant, Paige, in the hospital, and I took the child to see the Defendant's parents on numerous occasions. On one occasion I took the child, Paige, to the Defendant's parent's home, the Defendant was also present but would not get out of his vehicle. . . . [T]he Defendant's parents gave Paige presents on several occasions and knew she was their grandchild. That at all times the Defendant has known that he was the biological father to . . . Paige, and no one at any time has advised him otherwise.

---

[3]We note that there is no issue concerning this calculation on appeal.

On November 8, 2018, Jeffery filed an amended response to the summary-judgment motion. In his response, Jeffery asserted that there were genuine issues of material fact with respect to the applicability of his affirmative defenses. Jeffery attached his affidavit, wherein he stated:

2.      I was aware that Jana L. Bland was pregnant.

3.      Jana specifically told me that it was not my child. I was not made aware that Paige E. Bland may have been my child until the Office of Child Support Enforcement initiated and served me with this cause of action.

4.      Had Jana advised me that the child was mine, I could have established a parent-child relationship with that child, which is now precluded given that the child has now reached the age of majority.

5.      I do not believe it is in the child's best interest to sever the bond Paige Bland has with Mike Bland, whom Paige has held out as her father.

Jeffery also attached the affidavit of his father. Jeffery's father averred that he and his wife were employed at the same place of employment as Jana after Paige's birth, and that any gift provided to Jana by him or his wife was because of the relationship they had through their overlapping employment. Jeffery's father further averred that he did not recall going to the hospital after Jana gave birth to Paige. He also stated that he was specifically told that Jana's child was not Jeffery's child.

On November 26, 2018, OCSE filed a response to the motion for summary judgment filed by Jana and Paige. In its response, OCSE argued that all of Jeffery's affirmative defenses fail and that the summary-judgment motion should be granted.

Following a hearing on the summary-judgment motion, the trial court entered summary judgment against Jeffery on June 13, 2019. In the order, the trial court found that Jeffery is Paige's father and awarded eighteen years of back child support of $179,080.54

7

based on the affidavit prepared by the OCSE child-support specialist who applied Jeffery's reported income to Administrative Order No. 10. The child support was ordered to be paid in increments of $2031.94 per month. The trial court rejected all of Jeffery's affirmative defenses, and stated in its order:

> The Defendant has raised four affirmative defenses. The Court has previously granted a Motion to Strike Defendant's original answer and ordered the Defendant to amend his pleadings to include additional facts and citations relied upon. Even though the Defendant never provided any citations in his response to Motion for Summary Judgment nor in his response to pleadings as ordered, the Court heard Defendant's arguments regarding the four affirmative defenses. Having fully heard said arguments and considering the factual allegations made in support of those affirmative defenses in the light most favorable to the Defendant, *the Court finds that as to the defenses of unclean hands, laches, waiver and equitable estoppel, the Plaintiffs are not precluded from retroactive establishment of child support. Defendant has failed to plead sufficient facts or supply any relevant authority in support of his position.* Second and Third Plaintiff's Motion for Summary Judgment is granted.

(Emphasis added.)

On appeal from the summary-judgment order, Jeffery's first argument is that the trial court erred in joining Paige as a party plaintiff in the case. The trial court found that Paige was a necessary party to the case and *sua sponte* joined her as a party plaintiff. Jeffery acknowledges that, under the appropriate circumstances, a trial court is authorized to join a necessary party *sua sponte*. *See Vibo Corp. v. State ex rel. McDaniel*, 2011 Ark. 124, 380 S.W.3d 411; *Arnold v. Spears*, 343 Ark. 517, 36 S.W.3d 346 (2001) (relying on Ark. R. Civ. P. 19(a) as well as Ark. R. Civ. P. 21, which provides that "[p]arties may be dropped or added by order of the court on motion of any party or *on its own initiative* at any stage of the action and upon such terms as are just" (emphasis added)). However, Jeffery contends that under the circumstances presented in this case, Paige was not a necessary party.

8

Arkansas Rule of Criminal Procedure 19(a) provides:

*Persons to Be Joined If Feasible.* A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or, (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter, impair or impede his ability to protect that interest, or, (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not been joined, the court shall order that he be made a party. If he should join as a plaintiff, but refuses to do so, he may be made a defendant[.]

Jeffery argues that, because the relief requested by OCSE, Jana, and Paige was exactly the same, i.e., a finding of paternity and an award of eighteen years of retroactive child support, their interests were overlapping. Jeffery argues that because Paige's interests were protected by OCSE and Jana, both of whom had the authority to pursue the establishment of child support for Paige's benefit, Paige's absence would not impair her ability to protect her interests. Because Paige's interests were already being protected by the other plaintiffs, Jeffery argues that the trial court erred in joining her as party.

Additionally, Jeffery argues that the trial court erred in joining Paige as a party because Paige was not the real party in interest as required by Ark. R. Civ. P. 17(a) (providing that "[e]very action shall be prosecuted in the name of the real party in interest"). Jeffery notes that Jana assigned her rights to the establishment of paternity and child support to OCSE. Arkansas Code Annotated section 9-14-210(d)(2) (Repl. 2015) provides that when there has been an assignment of rights for child-support services, the State of Arkansas (OCSE) is the real party in interest for purposes of establishing paternity and child support.

Jeffery further asserts that he was prejudiced by the erroneous decision of the trial court in joining Paige as a party plaintiff. Jeffery asserts that the inclusion of Paige as a third

9

plaintiff unnecessarily and unfairly triplicated the appellees' arguments in favor of OCSE's paternity complaint. Jeffery asserts that this resulted in the case being set up in a three-against-one style in which the appellees could make separate arguments and were able to build on each other's arguments.

We conclude that Jeffery has not demonstrated error by the trial court in joining Paige as a party to the case. The relevant statutes are as follows. Arkansas Code Annotated section 9-10-104(3) provides that a petition for paternity may be filed by "[a] person for whom paternity is not presumed or established by court order." Arkansas Code Annotated section 9-14-105(c) provides:

> Any person eighteen (18) years of age or above to whom support was owed during his or her minority may file a petition for a judgment against the nonsupporting parent or parents. Upon hearing, a judgment may be entered upon proof by a preponderance of the evidence for the amount of support owed and unpaid.

Pursuant to a plain reading of these statutes, Paige, now an adult, was authorized to pursue both the establishment of paternity and child support when the trial court made her a party in this case. Jeffery has made no showing as to why these statutes do not compel her participation as a party.

Jeffery argues that he was prejudiced by Paige's joinder as a party plaintiff because this resulted in him being the lone defendant versus three adversaries in the proceedings below. However, it is not uncommon in litigation for a party to have multiple opponents, as was the case here, and Jefferey has cited no authority or presented any convincing argument as to why this was impermissible. Absent citation to authority or the rendition of convincing argument, we do not reverse. *In Re Adoption of D.J.L.*, 341 Ark. 327, 16 S.W.3d 263 (2000). Accordingly, we affirm the trial court's decision to add Paige as a party plaintiff.

10

Jeffery's remaining argument is that the trial court erred in finding that his affirmative defenses were not applicable to the appellees' claim for retroactive child support, and thus that the trial court erred in granting summary judgment on Jana and Paige's joint motion. Jeffery argues that each of his affirmative defenses of unclean hands, laches, waiver, and equitable estoppel and his allegations in support thereof should have defeated the appellees' summary-judgment motion. Jeffery asks that we reverse and remand for a trial at which he may present these defenses.

The standard of review in the appeal of a summary judgment is well settled. Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Hadder v. Heritage Hill Manor, Inc.*, 2016 Ark. App. 303, 495 S.W.3d 628. Once a moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appeal, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered. *Id.* This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* The resisting party may not, however, rest on the mere allegation of his pleadings; instead, his response by affidavits or other evidence as provided by Arkansas Rule of Civil Procedure 56 must show specifically that there is a genuinely disputed issue of material fact. *Wheeler v. Phillips Dev. Corp.*, 329 Ark. 354, 947 S.W.2d 380 (1997). Conclusory allegations are insufficient to create a factual issue in a summary-judgment

situation. *Sundeen v. Kroger*, 355 Ark. 138, 133 S.W.3d 393 (2003). After reviewing undisputed facts, summary judgment should be denied if, under the evidence, reasonable persons might reach different conclusions from those undisputed facts. *Sawada v. Walmart Stores, Inc.*, 2015 Ark. App. 549, 473 S.W.3d 60. The object of summary judgment is not to try the issues but to determine whether there are any issues to be tried. *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 11 S.W.3d 531 (2000).

Our summary-judgment standards as outlined above require the trial court to view the evidence in the light most favorable to the party against whom the motion was filed and to enter summary judgment only when the moving party is entitled to judgment as a matter of law. Viewing the evidence in the light most favorable to Jeffery and resolving all doubts and inferences against the appellees, as we must, we conclude that the trial court erred in granting summary judgment against Jeffery on the issue of back child support.

Jeffery's challenge to the summary-judgment order is based on his affirmative defenses that were raised below but rejected, as a matter of law, by the trial court. In *Miller v. Arkansas Office of Child Support Enforcement*, 2015 Ark. App. 188, 458 S.W.3d 733, we held that enforcement of child-support judgments is treated the same as enforcement of other judgments, and a child-support judgment is also subject to the equitable defenses that apply to all other judgments. Jeffery argues that each of his affirmative defenses applied to this situation.

The separate elements of each affirmative defense raised by Jeffery are as follows. The doctrine of unclean hands bars relief to those guilty of improper conduct that relates to the matter for which they seek relief. *Reid v. Reid*, 57 Ark. App. 289, 944 S.W.2d 559.

Equity will not intervene on behalf of a party whose conduct in connection with the same matter has been unconscientious or unjust. *Id.*

Under the doctrine of laches, a court of equity may, in the exercise of its inherent powers, refuse relief where it is sought after undue and unexplained delay and where injustice would be done in the particular case by granting the relief sought. *Lewis v. Lewis*, 87 Ark. App. 30, 185 S.W.3d 621 (2004). It is usually said that the two most important circumstances in such cases are the length of the delay and the nature of the acts during the interval, which might affect either party and cause a balance of justice or injustice in taking the one course or the other insofar as it relates to that remedy. *Id.*

The doctrine of waiver is a voluntary abandonment or surrender by a capable person of a right known by him to exist with the intent that he shall forever be deprived of its benefits, and it may occur when one, with full knowledge of the material facts, does something that is inconsistent with the right or his intention to rely upon it. *Travelers Cas. & Sur. Co. of Am. v. Cummins Mid-S., LLC*, 2015 Ark. App. 229, 460 S.W.3d 308. As with other affirmative defenses, the question of whether a waiver occurred is a question of fact. *See Id.*

Finally, the elements of equitable estoppel are: (1) the party to be estopped must know the facts; (2) the party must intend that its conduct shall be acted on or must so act that the party asserting estoppel had a right to believe the other party so intended; (3) the party asserting estoppel must be ignorant of the facts; and (4) the party asserting estoppel must rely on the other party's conduct to his detriment. *Chitwood v. Chitwood*, 92 Ark. App. 129, 211 S.W.3d 547 (2005).

13

In his answer to the paternity complaint below, Jeffery posited the following alleged facts in support of these affirmative defenses. Jeffery asserted that after Paige was born, Jana told him Paige was not his daughter. Jana gave Paige the last name of Mike Bland and, according to Jeffery, she held the child out as Mike Bland's daughter. Jana then strategically waited for a period of seventeen years and eight months to pursue any legal remedy in attempt to secure eighteen years' worth of child support without having to share any of her time with Paige. Jeffery alleged that he was not aware that Paige may be his daughter until after OCSE filed its complaint in paternity, so he was never given the opportunity to establish visitation and develop a relationship with Paige. Jeffery alleged that Jana wanted him to have all the financial obligations of being a father but only after having first stripped him of the ability to ever have any of the joys and privileges that would come with that role. On the basis of these allegations as applied to his affirmative defenses, Jeffery maintained that Jana should be barred in equity from recovering retroactive child support from him.

As stated previously, a child-support award is subject to equitable defenses. *See Miller*, *supra*. It has been held that the grant or denial of an award of back child support in a paternity action rests upon the equities of a particular case. *See Ark. Dep't of Human Servs. v. Hardy*, 316 Ark. 119, 871 S.W.2d 352 (1994); *Ark. Dep't of Human Servs. v. Forte*, 46 Ark. App. 115, 877 S.W.2d 949 (1994). In discussing the issue of back child support in *Hardy*, *supra*, the supreme court stated that "the question is simply what is fair." *Hardy*, 316 Ark. at 126, 871 S.W.2d at 357 (citing *Green v. Bell*, 308 Ark. 473, 479–80, 826 S.W.2d 226, 230 (1992)).

14

In *Hardy*, the Arkansas Department of Human Services filed a paternity suit on behalf of the mother of the child, asking that the appellee father be ordered to pay past and future child support. Although the trial court ordered the father to pay future child support, it refused to make an award of back child support. In that case, when the child was born, the mother was married to another man and contended that the child was fathered by her husband. It was not until more than five years later that the Department filed the complaint for child support on the mother's behalf, and the supreme court affirmed the denial of back child support, stating, "We cannot say under the circumstances of this case the chancellor's determination as to where the equities lay was against the preponderance of the evidence." *Hardy*, 316 Ark. at 127, 871 S.W.2d at 357.

In *Forte*, *supra*, the child was born out of wedlock, and sixteen years later, the Arkansas Department of Human Services filed a complaint on the mother's behalf against appellee Nathaniel Forte. The complaint alleged that Forte was the child's biological father and sought both prospective and retroactive child support. Forte admitted that he was the child's father, and with respect to back child support, the trial court awarded only $6000. On appeal, the Department argued that the trial court erred in awarding only $6000 for past support, but we affirmed. We stated: "In making this award, the chancellor stated that based upon the equities of the case, the length of time [the mother] waited in bringing the action, 'everything considered,' arrearage would be awarded in the amount of $6000." *Forte*, 46 Ark. App. at 119–20, 877 S.W.2d at 952. We concluded under the circumstance in *Forte* that the chancellor's determination of what was fair was not erroneous citing, among other things, the length of time the mother waited before bringing an action for support.

15

Finally, we find *Chitwood v. Chitwood*, 92 Ark. App. 129, 211 S.W.3d 547 (2005), to be instructive. In *Chitwood*, the appellant mother and appellee father were divorced in 1993 and had two children. Mother moved with the children out of state and visitation problems ensued. In a 1999 letter from father to mother, he wrote: "I give up. As per your request, my parental rights are terminated. You and the children will never see or hear from me again." 92 Ark. App. at 132, 211 S.W.3d at 548. For the next five years, father did not see the children or pay child support. After mother filed a complaint against father for back child support, the trial court found that mother was prohibited by the doctrine of equitable estoppel from seeking child-support arrearages or to enforce any child-support judgment during the previous five-year period. Mother appealed, and in affirming the denial of back child support, we wrote:

> Once a child-support payment falls due, it becomes vested and a debt due the payee. *However, enforcement of child-support judgments are treated the same as enforcement of other judgments, and a child-support judgment is subject to the equitable defenses that apply to all other judgments.* If the obligor presents *to the court or administrative authority a basis for laches or an equitable-estoppel defense, there may be circumstances under which the court or administrative authority will decline to permit enforcement of the child-support judgment.*

> The elements of equitable estoppel are (1) the party to be estopped must know the facts; (2) the party must intend that its conduct shall be acted on or must so act that the party asserting estoppel had a right to believe the other party so intended; (3) the party asserting estoppel must be ignorant of the facts; and (4) the party asserting estoppel must rely on the other party's conduct to his detriment.

> The trial court specifically noted in its order that the credibility of the witnesses was the crucial factor in deciding this case. The court made the following pertinent findings: 1) that appellant initiated the conversations concerning the agreement that appellee would surrender his parental rights and terminate his child-support payments; 2) that appellant was aware that such an agreement was unenforceable and void as against public policy in Arkansas, but that she intentionally, by her words and especially by her actions, induced appellee to give up his visitation privileges in exchange for her agreement not to seek child support; 3) that appellant had received legal advice on the consequences of her actions; 4) that she intended

16

that her conduct be acted upon and that appellee believed that she so intended; 5) that appellee was ignorant of the facts; 6) that appellee relied upon appellant's conduct to his detriment. In announcing her decision from the bench, the trial judge further explained that appellee's detrimental reliance was not monetary, but rather that appellee "let go of five years [of visitation] that never gets made up, give years of time that is just gone, give years of time that nobody gets to recapture."

We find no clear error with respect to any of the trial court's findings. First, as noted by the trial court, credibility was a crucial factor in this case, and we give due deference to the trial court's credibility determinations. Second, we hold that the elements of estoppel were established.

*Chitwood*, 92 Ark. App. at 137–38, 211 S.W.3d at 552 (emphasis added).

As is readily apparent from the cases summarized above, the trial court may consider the equities in deciding whether to award back child support, and one of the factors—among others—that may be considered is the custodial parent's delay in bringing the action. In Jana and Paige's summary-judgment motion, they relied on the facts set forth in Jana's affidavit wherein she alleged that at all times Jeffery knew he was the father and that at no time did anyone advise him otherwise. However, in Jeffery's competing affidavit he flatly contested this claim. In his affidavit, Jeffery stated that Jana specifically told him that Paige was not his child; that he was not aware that Paige may have been his child until he was served with this cause of action; that had he been advised Paige was his child, he could have established a parent-child relationship that is now precluded; and that Mike Bland had been held out as Paige's father prior to the commencement of these proceedings. For purposes of summary judgment, the evidence is to be viewed in the light most favorable to Jeffery.

From the language used by the trial court in its summary-judgment order, we are unable to ascertain with certainty the basis of its ruling. In the order, the trial court stated:

> Having fully heard said arguments and considering the factual allegations made in support of those affirmative defenses in the light most favorable to the Defendant,

17

the Court finds that as to the defenses of unclean hands, laches, waiver and equitable estoppel, the *Plaintiffs are not precluded from retroactive establishment of child support.* Defendant has failed to plead sufficient facts or supply any relevant authority in support of his position. Second and Third Plaintiff's Motion for Summary Judgment is granted.

(Emphasis added.) The italicized language is unclear. The trial court may have concluded that, irrespective of Jeffery's allegations and proof, none of these affirmative defenses can be applied in an action for back child support. On the other hand, the trial court may have considered Jefferey's specific allegations and proof, applied them to the elements of his asserted affirmative defenses, and concluded that, even assuming the veracity of the allegations, such allegations could not support any of the affirmative defenses as a matter of law. In either case, we hold that the trial court erred. As our caselaw plainly demonstrates, equitable defenses may be maintained in back child-support cases under the proper circumstances, so if the court concluded otherwise, this was error. And in this case, viewing Jeffery's specific allegations as supported by his affidavit in the light most favorable to Jeffery, and resolving all doubts against the appellees, as we must, material fact questions were created as to whether his asserted affirmative defenses should bar the appellees' claim for back child support.

The object of summary judgment is not to try the issues but to determine whether there are any issues to be tried. *Flentje*, *supra*. This case was not one suited for summary judgment, but instead should have been decided after an evidentiary hearing based on the

18

trial court's findings of fact as applied to the affirmative defenses raised by Jeffery below. For these reasons, we reverse the order of summary judgment and remand for a trial.[4]

Affirmed in part; reversed and remanded in part.

ABRAMSON and VIRDEN, JJ., agree.

*James & Streit*, by: *Jonathan R. Streit*, for appellant.

*Gil Dudley*, for separate appellee Office of Child Support Enforcement.

*Robert Hudgins* and *Robert Abney*, for separate appellees Jana Bland and Paige Bland.

---

[4]Because we have affirmed point one of the appeal, Paige shall remain a party to the proceedings on remand.